The PEOPLE of the State of Colorado, Complainant,

v.

Fred R. LOPEZ, Attorney–Respondent.

No. 92SA427.

Supreme Court of Colorado, En Banc.

Feb. 8, 1993.

**4.** *See* footnote 2 above.

Linda Donnelly, Disciplinary Counsel, James C. Coyle, Asst. Disciplinary Counsel, Denver, for complainant.

Fred R. Lopez, pro se.

PER CURIAM.

The respondent in this attorney disciplinary proceeding was charged with violating the Code of Professional Responsibility.[1] A hearing panel of the Supreme Court Grievance Committee approved the recommendation of the hearing board that the respondent be privately censured for conduct involving dishonesty, fraud, deceit, or misrepresentation, and for revealing a confidence or secret of his client. We issued an order to show cause why more severe discipline should not be imposed. The respondent did not reply to the order to show cause, although a response was filed by the assistant disciplinary counsel. We conclude that the respondent's misconduct warrants the imposition of a public censure.

I

The respondent was admitted to the bar of this court on April 26, 1972; is registered as an attorney upon this court's official records; and is subject to the jurisdiction of this court and its grievance committee. C.R.C.P. 241.1(b). The hearing board conducted a hearing at which the respondent and several witnesses testified. The testimony and the exhibits introduced into evidence support the following facts found by the hearing board to have been established by clear and convincing evidence, as modified by the hearing panel.[2]

II

The respondent was retained by the complaining witness, Richard P. Kingery, in September 1989 in connection with a criminal case in which Kingery was charged with eight felony counts arising from an incident involving a kidnapping and a shooting. At the respondent's request, Kingery prepared an eight-page handwritten document outlining Kingery's version of the underlying events. The document contained admissions by Kingery that he participated in those events, that he had possession of a pistol, that he "hit" the victim with the pistol, and that the "gun went off by accident."

Prior to the commencement of trial, the respondent gave the document to the district attorney without Kingery's knowledge or consent in connection with plea negotiations. Kingery did not know that the document had been given to the district attorney until the respondent notified him of that fact in a letter dated December 21, 1989. The district attorney retained the document for possible impeachment purposes at the trial. The district attorney did not, however, use the document to impeach or cross-examine Kingery at trial.

Kingery was convicted of second degree kidnapping, second degree assault, and me-

---

1. On May 7, 1992, we adopted the Colorado Rules of Professional Conduct (R.P.C.) to replace the Code of Professional Responsibility, with an effective date of January 1, 1993. Because the conduct which is the basis for this disciplinary proceeding occurred prior to the effective date of the R.P.C., the Code of Professional Responsibility applies.

2. The respondent objected to a portion of one of the findings of fact made by the hearing board. *See* C.R.C.P. 241.15(a). The hearing panel generally adopted the board's findings of fact, but modified the findings in accordance with the respondent's objection.

nacing, and was acquitted of the remaining charges.[3] After being sentenced to ten years' imprisonment, Kingery filed a motion for new trial alleging that the respondent had not represented him competently and that the respondent had disclosed confidential information to the prosecution without authorization. Pursuant to a stipulation and plea agreement, the district attorney confessed the motion for new trial, the judgment against Kingery was vacated, and Kingery entered a plea of guilty to the offense of second degree kidnapping, in violation of section 18–3–302, 8B C.R.S. (1986). He was sentenced to seven years' imprisonment.

■ In his written response to the request for investigation filed in this matter, the respondent stated that he had informed Kingery that he was going to deliver Kingery's handwritten document to the district attorney in an effort to obtain a favorable plea bargain and that Kingery had not objected to this proposal. The respondent later admitted that he had not obtained Kingery's authorization to disclose the document and that he had not informed Kingery that it had been delivered to the district attorney until after the fact. As the hearing board concluded, the respondent's written response to the request for investigation violated DR 1–102(A)(4) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation).

■ In delivering the document to the district attorney without first obtaining Kingery's consent, the respondent violated DR 4–101(B)(1) (except when permitted under DR 4–101(C), a lawyer shall not knowingly reveal a confidence or secret of the lawyer's client). The respondent admitted that the document was protected by the attorney-client privilege. The hearing board properly rejected the respondent's contention that Kingery gave the respondent "implied" consent to deliver the document to the district attorney by telling him to do anything he could to obtain an acceptable plea bargain. According to DR 4–101(C)(1), a lawyer may reveal the confidences or secrets of the lawyer's client only after full disclosure to and with the consent of the client. This provision does not encompass "implied" consent, even if the facts warranted a finding that Kingery by his conduct impliedly consented to the respondent's conduct.

### III

■ Under the American Bar Association's *Standards for Imposing Lawyer Sanctions* (1986 & 1992 Supp.) (ABA *Standards*), in the absence of aggravating or mitigating factors, public censure "is generally appropriate when a lawyer negligently reveals information relating to representation of a client not otherwise lawfully permitted to be disclosed and this disclosure causes injury or potential injury to a client." ABA *Standards* 4.23. The assistant disciplinary counsel suggests that ABA *Standards* 4.24, which section recommends imposition of a private censure in certain circumstances, is applicable in this case because the disclosure of Kingery's handwritten document caused no actual injury. However, the respondent's unlawful disclosure of his client's confidence created a very real potential for injury. Furthermore, the respondent's misrepresentations in his response to the request for investigation constitute additional factors supporting a relatively severe sanction. *See People v. Dieters*, 825 P.2d 478, 481 (Colo.1992) (attorney's false and misleading statements to the hearing board constituted an obstruction of the grievance committee in the

---

**3.** Prior to trial, the respondent informed Kingery that three of the felony charges had been dismissed. The statement was not correct. The hearing board concluded that allegations that by this statement the respondent had violated either DR 6–101(A)(2) (a lawyer shall not handle a legal matter entrusted to the lawyer without adequate preparation under the circumstances) or DR 6–101(A)(3) (a lawyer shall not neglect a legal matter entrusted to the lawyer) had not been proven by clear and convincing evidence. The assistant disciplinary counsel has not excepted to these findings.

performance of its duties and warranted more severe discipline). In these circumstances, we find ABA *Standards* 4.24 inapplicable.

The hearing board found the existence of the following factors in aggravation: (1) multiple offenses, ABA *Standards* 9.22(d); (2) submission of false and misleading statements during the disciplinary process, *id.* at 9.22(e); and (3) substantial experience in the practice of law, *id.* at 9.22(i). In mitigation, the board determined that: (1) the respondent had no prior disciplinary record, *id.* at 9.32(a); (2) the respondent did not have a selfish or dishonest motive when he revealed the client confidence, *id.* at 9.32(b); and (3) after his initial misrepresentation to the investigator, the respondent made full and free disclosure to the hearing board and evidenced a cooperative attitude toward the proceedings, *id.* at 9.32(e). While we do not disagree with these findings, we conclude that the respondent's conduct, when considered together with all the mitigating and aggravating factors disclosed by the record, support the imposition of a public censure. We observed in *People v. Smith*, 769 P.2d 1078 (Colo.1989):

> A private censure, because it does not inform the public about a lawyer's misconduct, "should be used only when the lawyer is negligent, when the ethical violation results in little or no injury to a client, the public, the legal system, or the profession, and when there is little or no likelihood of repetition."

*Id.* at 1080 (quoting ABA *Standards* 2.6 (commentary)) (public rather than private censure was appropriate where attorney's misconduct involved misrepresentation as well as neglect, even taking into account several mitigating factors including the absence of a prior disciplinary record).

## IV

It is hereby ordered that Fred R. Lopez be publicly censured. It is further ordered that Lopez attend a continuing legal education course emphasizing professional responsibility in the criminal defense area and submit proof of such attendance to the Office of Disciplinary Counsel within six months of the date of this opinion. It is further ordered that Lopez pay the costs of this proceeding in the amount of $887.73 within sixty days after the date of this opinion to the Supreme Court Grievance Committee, 500–S Dominion Plaza, 600—17th Street, Denver, Colorado 80202–5435.