The PEOPLE of the State of
Colorado, Complainant,

v.

Jane Elizabeth KARDOKUS,
Attorney–Respondent.

No. 94SA1.

Supreme Court of Colorado,
En Banc.

Oct. 11, 1994.

Linda Donnelly, Disciplinary Counsel, Kenneth B. Pennywell, Asst. Disciplinary Counsel, Denver, for Complainant.

Jane Elizabeth Kardokus, pro se.

PER CURIAM.

A hearing panel of the Supreme Court Grievance Committee approved the findings and recommendation of a hearing board that the respondent[1] be privately censured provided that she make restitution, and be assessed the costs of the proceeding. The assistant disciplinary counsel has excepted to the panel's recommendation as too lenient, and the respondent has excepted to the findings and the restitution requirement. We agree with the assistant disciplinary counsel that the respondent's misconduct warrants a period of suspension. We therefore order that the respondent be suspended from the practice of law for thirty days, be required to make restitution to the complaining witness prior to reinstatement, and be assessed costs.

### I

The board heard testimony from the complainant's witnesses and from the respondent. Based on the testimony and the exhibits introduced into evidence, the board found that the following facts had been established by clear and convincing evidence.

On September 29, 1991, Ellen Rita Fay Warlick hired the respondent to file a petition for dissolution of marriage, and paid the respondent $500. The respondent told the client that her rate was $100 per hour, and if work was needed beyond that necessary to prepare, file, and complete an uncontested dissolution proceeding, additional charges would be incurred at the rate of $100 per hour. There was no written fee agreement. The respondent said that she needed additional financial information from the

---

1. The respondent was admitted to the bar of this court on April 23, 1968, is registered as an attorney upon this court's official records, and is subject to the jurisdiction of this court and its grievance committee in these proceedings. C.R.C.P. 241.1(b).

client and that she would mail financial forms to the client to complete.

Following the initial September meeting, the client tried to reach the respondent by telephone on numerous occasions. The respondent did not return the calls until late October or early November. After the first meeting, the respondent moved her office and changed her business telephone number but did not notify the client of the changes. When the client eventually met the respondent at her new office, the client supplied financial information and requested the financial forms respondent had previously directed the client to complete. The respondent said that the forms were not available that day and that she would send them to the client, but respondent never did.

Following the second meeting, the client again tried to reach the respondent by telephone and at her office without success. None of the client's calls were returned, and a letter the client sent to the respondent was not answered. Later, the client discovered that the second office location was abandoned. Once again respondent failed to notify the client that she had changed her office address and telephone number.

The respondent never filed a petition for dissolution for the client, nor did she provide the client with such a petition to sign. The client wrote to the respondent on December 4, 1991, indicating her intent to discharge the respondent and requesting the return of client's file and the $500 fee initially paid to respondent to secure her employment. The respondent did not answer this letter, and did not return the file or the $500.

The client found it necessary to hire another lawyer who obtained an uncontested and simple dissolution of marriage for the client. The client's new lawyer wrote to the respondent in February and July, 1992, requesting the return of the $500 fee. The respondent did not answer any of the lawyer's letters. In fact, the respondent has to date not returned any of the $500 fee to the client.

The hearing board found that the respondent accepted a $500 fee for services she agreed to provide to client in order to secure an uncontested dissolution. Although the fee

would have been reasonable had the work been done, the respondent failed to perform any work for the client that was of any benefit to the client in obtaining the dissolution of marriage. Under these circumstances, the board concluded, correctly, that the respondent's conduct violated DR 2–106(A) (a lawyer shall not enter into an agreement for, charge, or collect an illegal or clearly excessive fee). *See People v. Dunsmoor*, 807 P.2d 561, 562 (Colo.1991) (where the work performed by the lawyer did not justify retention of the client's retainer, the respondent kept no formal time records and did not provide the client with an accounting of the use made of the client's funds, and made no refund to the client, the lawyer charged a clearly excessive fee in violation of DR 2–106(A)). Further, the respondent violated DR 6–101(A)(3) (a lawyer shall not neglect a legal matter entrusted to the lawyer) by failing to prepare the necessary dissolution petition, not responding to the client's calls and letters, and not advising the client of the respondent's changes of office address and telephone number.

## II

The hearing panel approved the factual findings and conclusions of the board, and recommended that the respondent be privately censured on condition that she refund $500 to her client. The assistant disciplinary counsel has excepted to the panel's recommendation as too lenient, asserting that a suspension in the range of thirty days to four months is appropriate, with the condition that the respondent be required to refund the $500 prior to reinstatement.

█ The respondent has also excepted to the panel's action, and replied to the complainant's exceptions. The respondent states that suspension is not warranted because (1) the facts do not support suspension; (2) summary suspension without a hearing on the ability to pay is a denial of due process; and (3) imposing additional punishment for a vigorous defense is improper. In addition, she argues that it is not appropriate to require her to return the $500 because (1) the record does not support a finding that she neglected a legal matter; and (2) the fee was not

excessive. The respondent's failure to file a transcript of the hearing before the board in this court, however, precludes the assertion that the board's findings are not supported by the record. *People v. Phelps,* 837 P.2d 755, 755 n. 1 (Colo.1992); C.R.C.P. 241.-20(b)(4).

■ We also reject the respondent's contention that suspension without a hearing on the ability to pay is a denial of due process. First, the respondent's ability or inability to repay the fee is not relevant to a determination of whether the respondent charged or collected a clearly excessive fee, contrary to DR 2–106(A). Second, there is no indication in the limited record filed before this court that the respondent ever argued before the grievance committee that the reason she did not repay the $500 to her client was that she was unable to do so. The respondent has instead taken the position before the hearing board, and before this court, that she does not have to refund any part of the fee to her client because she earned the entire fee. The board found that the fee was clearly excessive for the work done, however, and we agree with that finding.

Moreover, the respondent has not alleged that she is unable to comply with an order requiring the refund of the fee or to pay costs. Under these circumstances, a hearing on the respondent's ability to pay is not necessary. Finally, there is no evidence in the record before this court that the respondent was or is being punished for asserting a vigorous defense to the professional misconduct charges.

The question therefore is whether a lawyer's charging of a clearly excessive fee, together with the neglect of a legal matter, warrants at least a short period of suspension, as the assistant disciplinary counsel insists, or the lesser sanction recommended by the panel. Under the American Bar Association's *Standards for Imposing Lawyer Sanctions* (1991. & 1992 Supp.) (ABA *Standards*), in the absence of aggravating or mitigating circumstances, "[s]uspension is generally appropriate when a lawyer knowingly engages in conduct that is a violation of a duty owed as a professional, and causes injury or potential injury to a client, the public, or the legal system." ABA *Standards* 7.2. Charging a client a clearly excessive fee for a dissolution of marriage and neglecting to perform the necessary work involves at least the potential for injury to the client. The board found that the following aggravating factors were present: the respondent has refused to acknowledge the wrongful nature of her conduct, *id.* at 9.22(g); and the respondent is indifferent to making restitution, *id.* at 9.22(j). In mitigation, the board determined that the respondent has no prior disciplinary record, *id.* at 9.32(a); and that the respondent has cooperated in the proceedings, *id.* at 9.32(e).

After weighing the seriousness of the respondent's misconduct, together with the aggravating and mitigating circumstances, we conclude that a short period of suspension, coupled with restitution, is warranted. *See People v. Combs,* 805 P.2d 1115, 1116 (Colo. 1991) (lawyer's neglect of marriage dissolution action, failure to seek the client's lawful objectives and to carry out a contract of employment, and failing to refund unearned fees warrants forty-five day suspension and restitution requirement).

### III

Accordingly, it is hereby ordered that Jane Elizabeth Kardokus be suspended from the practice of law for thirty days, effective thirty days after the issuance of this opinion. *See* C.R.C.P. 241.21(a). It is further ordered that, prior to reinstatement and as a condition of reinstatement, Jane Elizabeth Kardokus refund $500 to Ellen Rita Fay Warlick. It is further ordered that the respondent pay the costs of this proceeding in the amount of $228.85 within thirty days after the announcement of this opinion to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 920–S, Denver, Colorado 80202.