The PEOPLE of the State of Colorado, Complainant,

v.

Rex Tay JOHNSON, Attorney–Respondent.

No. 94SA266.

Supreme Court of Colorado,
En Banc.

Oct. 11, 1994.

Linda Donnelly, Disciplinary Counsel, James C. Coyle, Asst. Disciplinary Counsel, Denver, for complainant.

Rex Tay Johnson, pro se.

PER CURIAM.

The respondent [1] in this attorney discipline case and the assistant disciplinary counsel entered into a stipulation, agreement, and conditional admission of misconduct. *See* C.R.C.P. 241.18(a). In the stipulation, which covered allegations contained in four complaints filed by the assistant disciplinary counsel, the parties recommended that the respondent be suspended from the practice of law for a period in the range of two to three years. An inquiry panel of the Supreme Court Grievance Committee approved the stipulation and recommended that the respondent be suspended for three years. We accept the stipulation and the inquiry panel's recommendation.

I

The parties stipulated to the following facts and conclusions.

A

In October 1987, Ella M. Ray retained the respondent to file a Chapter 7 bankruptcy proceeding. Ray initially paid the respondent $350 and later an additional $125 for costs. In connection with work performed by the respondent prior to the sale of Ray's home, the respondent prepared a promissory note and deed of trust to himself in the amount of $3,310, plus interest at the rate of 8% per annum for work already completed and for "anticipated" legal expenses. The

---

1. The respondent was admitted to the bar of this court on October 12, 1973, is registered as an attorney upon this court's official records, and is subject to the jurisdiction of this court and its grievance committee in these proceedings. C.R.C.P. 241.1(b).

respondent eventually received $3,359.55 from the proceeds of the sale of Ray's home.

The respondent has stipulated that he charged an excessive fee in the Ray matter, that he failed to account for the application of the funds he received from the deed of trust after being requested to do so, and that he misrepresented to the bankruptcy court the amount of money he collected for attorney's fees in the proceeding. As the respondent admits, his conduct violated DR 1–102(A)(4) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation); DR 1–102(A)(5) (a lawyer shall not engage in conduct prejudicial to the administration of justice); DR 2–106(A) (a lawyer shall not enter into an agreement for, charge, or collect an illegal or clearly excessive fee); and DR 9–102(B)(3) (failure to render appropriate accounts to the client regarding the client's property).

The Ray bankruptcy matter has been closed, and any restitution by the respondent will require that the proceeding be reopened and that the respondent's refund be paid to Ray's creditors. The respondent has agreed to take action and enter into an agreement with the bankruptcy trustee and make payments on the amount of restitution owed prior to reinstatement.

### B

Dwight Fox retained the respondent in August 1991 and delivered to the respondent an original promissory note payable to the client's father. The amount remaining due on the note was $32,353.53, plus collection costs. In June 1992, the lawyer for Connie Fox, the client's former spouse, wrote the respondent a letter explaining Connie Fox's authority to collect on the note, and requesting that the respondent deliver the note to the lawyer. The respondent did not reply to the lawyer's letter, and the lawyer discovered that the respondent's office telephone was disconnected. A second lawyer for Connie Fox wrote to the respondent in July 1992, and asked for delivery of the promissory note. The second lawyer received no reply from the respondent, and became concerned because Dwight Fox's father was in his eighties and a lost instrument bond would be

difficult to obtain. The day after the second lawyer filed a request for investigation with the office of Disciplinary Counsel, the respondent called the lawyer about the note, and subsequently delivered the promissory note to the second lawyer on August 20, 1992. As the respondent has admitted, his conduct violated DR 1–102(A)(6) (a lawyer shall not engage in conduct that adversely reflects on the lawyer's fitness to practice law), and DR 6–101(A)(3) (a lawyer shall not neglect a legal matter entrusted to the lawyer).

### C

On February 6, 1992, Ron Lindsey consulted the respondent about filing a bankruptcy petition. Lindsey paid the respondent a total fee of $667, including the filing fee. The respondent told Lindsey that the petition would be filed in April or May, 1992, but Lindsey did not hear further from the respondent. After Lindsey filed a request for investigation with the office of Disciplinary Counsel, the respondent told Lindsey that he would file the petition after reviewing it to determine if it was still accurate. The respondent nevertheless failed to return Lindsey's subsequent telephone calls. The respondent has stipulated that his failure to communicate with Lindsey and failure to file the bankruptcy petition in a timely manner violated DR 6–101(A)(3) (neglect of a legal matter).

### D

The respondent was retained in October 1987 to represent the estate of Elnora Long. Lois Daniels was the personal representative of the estate. Daniels located a purchaser for Long's former residence in the spring of 1992, and she asked the respondent to obtain new letters of administration so that she could transfer title properly. Although the new letters of administration were apparently issued on April 30, 1992, they were not forwarded to Daniels. When Daniels discovered title problems with other real property that Long had sold prior to her death, she asked the respondent to resolve the title problems. The respondent reviewed the doc-

uments but did not finalize the matter. The respondent admits that his failure to send the letters of administration to the personal representative and his failure to communicate with her regarding the legal matters she had referred to him violated DR 6–101(A)(3) (neglect of a legal matter).

E

The respondent was hired as counsel for the estate of Christine Lawson in June 1991. In March 1992, the respondent notified the personal representative of the estate, Frank Wojtaha, that almost all of the paper work in the probate case was finished and would be filed soon. In April 1992, the respondent again told Wojtaha that the documents were ready to be filed. When Wojtaha unsuccessfully tried to call the respondent, he discovered that the respondent's telephone had been disconnected and that the office was deserted. The personal representative obtained another attorney who finalized the estate in a timely manner. The respondent's failure to communicate with the personal representative and to timely finalize the estate violated DR 6–101(A)(3) (neglect of a legal matter).

F

On August 22, 1991, Walter Sales retained the respondent to represent him in a Chapter 7 bankruptcy proceeding. The respondent and Sales agreed on a $667 flat fee to handle the matter, but the respondent subsequently demanded and received an additional $841.35 to complete the bankruptcy. The matter was submitted to the El Paso County Fee Dispute Arbitration Committee for binding arbitration. The Committee ordered the respondent to refund the $841.35, but the respondent did not comply. As the respondent has admitted, he charged his client a clearly excessive fee, contrary to DR 2–106(A), and also violated DR 9–102(B)(4) by failing to promptly return funds owed to the client.

Further, by failing to respond to the request for investigation filed in the Sales matter, the respondent violated C.R.C.P. 241.6(7)

2. The Colorado Rules of Professional Conduct became effective January 1, 1993, and apply to conduct occurring on and after that date. *See*

(failure to respond to a request by the grievance committee without good cause shown, or obstruction of the committee or any part thereof in the performance of its duties constitutes ground for lawyer discipline).

G

Jose Archuleta hired the respondent in May 1991 to represent him in a pending dissolution of marriage proceeding. The dissolution presented no custody issue and few property issues. Between May 1991, and February 1992, the respondent charged his client $8,752.30. The client paid the respondent $5,950 and signed a promissory note for another $1,300. The respondent has stipulated that at least $6,252 of the fee he charged Archuleta was clearly excessive.

Archuleta hired another lawyer who sent the respondent a letter seeking a refund of the excessive fee and a cancellation of the promissory note. When the respondent did not reply, the lawyer filed an action in county court against the respondent. The court entered a default judgment against the respondent for $4,500 and ordered that the promissory note be canceled and that the respondent return the client's file. The respondent did not comply with the judgment and orders of the county court. The assistant disciplinary counsel has stipulated, however, that the respondent has now settled all monetary claims with Archuleta's bankruptcy estate and has returned the client's file and canceled the promissory note. The respondent admits that his conduct violated DR 2–106(A) (charging a clearly excessive fee) and Rule of Professional Conduct (R.P.C.) 1.16(d) [2] (upon termination of representation, a lawyer shall take reasonable steps to protect a client's interests, including surrendering papers and property to which the client is entitled and refunding any advance payment of fee that has not been earned); R.P.C. 3.4(c) (knowingly disobeying an obligation under the rules of a tribunal); and R.P.C. 8.4(d) (knowingly engaging in conduct prejudicial to the administration of justice).

*People v. Lopez,* 845 P.2d 1153, 1154 n. 1 (Colo. 1993).

The respondent also stipulated that he failed to cooperate with the disciplinary investigator in this matter, contrary to C.R.C.P. 241.6(7).

## II

The parties have agreed that a suspension in the range of two to three years is an appropriate disciplinary sanction for the foregoing misconduct. As conditions for reinstatement, the respondent has also agreed to contact the trustee in the Ray bankruptcy proceeding and to resolve the excessive fee matter with the trustee, and to pay restitution to Sales in the amount of $841.35.

Under the American Bar Association's *Standards for Imposing Lawyer Sanctions* (1991 & 1992 Supp.) (ABA *Standards*), in the absence of aggravating or mitigating circumstances, suspension is an appropriate sanction when "(a) a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client; or (b) a lawyer engages in a pattern of neglect and causes injury or potential injury to a client." ABA *Standards* 4.42. In addition, "[s]uspension is generally appropriate when a lawyer knowingly engages in conduct that is a violation of a duty owed as a professional, and causes injury or potential injury to a client, the public, or the legal system." *Id.* at 7.2. *See also id.* at 6.12 (suspension is appropriate when a lawyer submits false statements to a court and causes an adverse or potentially adverse effect on the legal proceeding).

The respondent has been previously disciplined by two letters of admonition. *Id.* at 9.22(a) (prior discipline is an aggravating factor). In mitigation, the respondent has submitted documents to this court attached to the stipulation that indicate that at the time of the misconduct he was suffering from a physical disability, *id.* at 9.32(h), a mental disability, *id.* at 9.32(i), and was experiencing personal and emotional problems, *id.* at 9.32(c).

Considering the gravity and the number of instances of professional misconduct, together with the aggravating and mitigating factors, we conclude that a three-year suspension, with conditions for reinstatement, is

warranted. *See, e.g., People v. Honaker,* 863 P.2d 337 (Colo.1993) (failure to perform services for client and pattern of neglect of client matters causing injury to client together with default in proceedings and evidence of prior discipline warrant three-year suspension); *People v. Anderson,* 817 P.2d 1035 (Colo.1991) (attorney's misconduct in failing to respond to discovery requests, in leaving practice without properly withdrawing from cases or filing change of address, in failing to timely prepare a written judgment, and in failing to prevent dismissal of case for failure to prosecute, was mitigated by absence of significant history of discipline and warranted three-year suspension); *People v. Dash,* 811 P.2d 36 (Colo.1991) (three-year suspension was appropriate where attorney's misconduct involved an extensive and longstanding pattern of neglect and misrepresentation in client matters and grievance proceedings, but was mitigated by emotional problems and absence of prior discipline); *People v. Ashley,* 796 P.2d 962 (Colo.1990) (misrepresentation, neglect of legal matters, failing to carry out contract of employment and failing to return clients' property warrants three-year suspension). We therefore accept the stipulation and the recommendations of the inquiry panel.

## III

Accordingly, it is hereby ordered that Rex Tay Johnson be suspended from the practice of law for three years, commencing thirty days after the issuance of this opinion. Johnson must undergo reinstatement proceedings pursuant to C.R.C.P. 241.22(b)–(d). It is further ordered that any application for reinstatement be supported by clear and convincing evidence that the respondent has resolved the issue of excessive fees with the trustee in the Ella M. Ray bankruptcy matter, as provided in the stipulation. It is further ordered that, prior to reinstatement, the respondent pay restitution to Walter Sales in the amount of $841.35. It is further

ordered that the respondent pay the costs of this proceeding in the amount of $256.05 within thirty days after the announcement of this opinion to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 920–S, Denver, Colorado 80202.