**The PEOPLE of the State of Colorado, Complainant,**

v.

**William Stephen RETRUM, Attorney–Respondent.**

No. 94SA364.

Supreme Court of Colorado, En Banc.

Nov. 29, 1994.

Linda Donnelly, Disciplinary Counsel, James C. Coyle, Asst. Disciplinary Counsel, Denver, for complainant.

William Stephen Retrum, pro se.

PER CURIAM.

The assistant disciplinary counsel and the respondent[1] have executed and submitted a stipulation, agreement, and conditional admission of misconduct. *See* C.R.C.P. 241.18. An inquiry panel of the Supreme Court Grievance Committee approved the stipulation and agreement, and recommended that the respondent receive a public censure and be assessed costs. We accept the stipulation and the inquiry panel's recommendation.

I.

The stipulation recites the following facts and conclusions. The respondent was retained by a dissolution of marriage client in September 1992, who paid a deposit of $400 for attorney fees and $90 for costs. During the course of the representation, the respondent neglected the dissolution matter and failed to adequately communicate with his client, causing her to hire new counsel in March 1993. The respondent did not, however, take appropriate steps to withdraw from the matter. Moreover, in April and May 1993, the client requested an accounting of her fee and cost deposit, but the respondent failed to comply. The matter then proceeded to a permanent orders hearing in August and October 1993, and final orders have been entered.

---

1. The respondent was admitted to the bar of this court on October 2, 1973, is registered as an attorney upon this court's official records, and is subject to the jurisdiction of this court and its grievance committee in these proceedings. C.R.C.P. 241.1(b).

As respondent has admitted, his conduct violated DR 6–101(A)(2) (a lawyer shall not handle a legal matter entrusted to the lawyer without adequate preparation under the circumstances), and DR 6–101(A)(3) (a lawyer shall not neglect a legal matter entrusted to the lawyer).

In addition, on or after January 1, 1993,[2] the respondent's conduct and omissions violated Rule of Professional Conduct (R.P.C.) 1.2 (a lawyer shall act with reasonable diligence and promptness in representing a client, and shall not neglect a legal matter entrusted to the lawyer); R.P.C. 1.4 (a lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information); R.P.C. 1.16(a)(3) (a lawyer shall withdraw from the representation of a client if the lawyer is discharged); and R.P.C. 1.16(d) (upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as surrendering papers and property to which the client is entitled and refunding any advance payment of fee that has not been earned).

## II.

The inquiry panel approved the stipulation, agreement, and conditional admission of misconduct, and recommended that the respondent receive a public censure. The American Bar Association's *Standards for Imposing Lawyer Sanctions* (1991 & Supp. 1992) (ABA *Standards* ) provide that, in the absence of aggravating or mitigating factors, public censure "is generally appropriate when a lawyer is negligent and does not act with reasonable diligence in representing a client, and causes injury or potential injury to a client." ABA *Standards* 4.43. *See, e.g., People v. Smith,* 847 P.2d 1154, 1155 (Colo. 1993) (lawyer publicly censured for neglect of dissolution matter for nearly a year).

As an aggravating factor, the respondent previously received a letter of admonition five years ago for similar misconduct, ABA *Standards* 9.22(a). The assistant disciplinary counsel has stipulated, however, that, "except for [the client's] justified aggravation, no harm resulted from the respondent's conduct." Further, the assistant disciplinary counsel states that "it is apparent from the file that the time expended in this matter by respondent is sufficient to justify the fees that he received." *Cf. People v. Kardokus,* 881 P.2d 1202 (Colo.1994) (attorney suspended for thirty days for neglecting a dissolution of marriage matter and for failing to return a fee that was clearly excessive for the work actually performed).

After reviewing the stipulation, we conclude that a public censure is appropriate, and we therefore accept. the stipulation and the inquiry panel's recommendation.

## III.

It is hereby ordered that William Stephen Retrum be publicly censured. It is further ordered that Retrum pay the costs of this proceeding in the amount of $49.02 within thirty days after the announcement of this opinion to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 920–S, Denver, Colorado 80202.

---

2. The Colorado Rules of Professional Conduct became effective January 1, 1993, and apply to conduct occurring on and after that date. *See*

*People v. Lopez,* 845 P.2d 1153, 1154 n. 1 (Colo. 1993).