**The PEOPLE of the State of Colorado, Complainant,**

v.

**Frank Wm. TITONI, Attorney–Respondent.**

**No. 95SA124.**

Supreme Court of Colorado, En Banc.

May 8, 1995.

Linda Donnelly, Disciplinary Counsel, James C. Coyle, Asst. Disciplinary Counsel, Denver, for complainant.

Frank Wm. Titoni, Pueblo, pro se.

PER CURIAM.

The assistant disciplinary counsel and the respondent entered into a stipulation, agreement, and conditional admission of misconduct. C.R.C.P. 241.18. An inquiry panel of the Supreme Court Grievance Committee approved the conditional admission, including the recommendation that the respondent receive a public censure. We accept the conditional admission and the recommendation.

I

The respondent was admitted to the Colorado bar in 1985, is registered as an attorney, and is subject to the jurisdiction of this court. According to the conditional admission, the respondent was retained by a woman and her friend (the "clients") to review a criminal case involving the woman's son as the criminal defendant. Respondent was hired to determine whether her son had received adequate representation. The woman's son had pleaded guilty in the fall of 1992 to second-degree murder, and had received a twenty-four year sentence. The respondent was paid a $1,000 retainer in January 1993. Thereafter, the clients had difficulty contacting the respondent. The defendant's mother had no information that the respondent had done any work on the case, so she hired another lawyer and had to pay new counsel a $2,000 retainer in addition to the payment advanced respondent. The respondent in fact neglected the case and did not return

the unearned retainer until after a request for investigation was filed in this proceeding.

As he has admitted, the respondent's conduct violated R.P.C. 1.3 (a lawyer shall act with reasonable diligence and promptness in representing a client and shall not neglect a legal matter entrusted to that lawyer); R.P.C. 1.4(a) (a lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information); R.P.C. 1.15(b) (a lawyer shall promptly deliver to the client any funds or other property that the client is entitled to receive). In addition, by failing to do any work for the client but nevertheless retaining the client's money, the respondent violated R.P.C. 8.4(c) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit or misrepresentation). Finally, because he did not appropriately respond to the request for investigation filed in this proceeding, the respondent violated C.R.C.P. 241.6(7) (a lawyer's failure to respond to a request by the grievance committee without good cause shown, or his obstruction of the committee in the performance of its duties constitutes grounds for lawyer discipline).

## II

The inquiry panel approved the conditional admission and recommendation that the respondent receive a public censure. The American Bar Association's *Standards for Imposing Lawyer Sanctions* (1991 & Supp.1992) (ABA *Standards* ) provides that, in the absence of aggravating or mitigating circumstances, a public censure "is generally appropriate when a lawyer is negligent and does not act with reasonable diligence in representing a client, and causes injury or potential injury to a client." ABA *Standards* 4.43. Similarly, public censure is appropriate "when a lawyer is negligent in dealing with client property and causes injury or potential injury to a client." *Id.* at 4.13.

As a factor in aggravation, the respondent has a record of prior discipline. Respondent received a letter of admonition and a private censure in 1990 and 1991, respectively, for unrelated misconduct. *Id.* at 9.22(a) (previous discipline is an aggravating factor). Because of this previous conduct, private discipline is inadequate. *People v. Bergner,* 873 P.2d 726, 727–28 (Colo.1994). We agree with the inquiry panel that public censure is appropriate. *See People v. Retrum,* 884 P.2d 721, 722 (Colo.1994). Although the return of the unearned retainer after the initiation of the grievance proceedings is not a mitigating factor, *People v. Pittam,* 889 P.2d 678, 680 n. 5 (Colo.1995), the failure to return it at all would have called for more severe discipline. *Cf. People v. Kardokus,* 881 P.2d 1202 (Colo. 1994) (attorney suspended for thirty days for neglecting a dissolution of marriage matter and for failing to return a fee that was clearly excessive for the work actually performed).

## III

Accordingly, we accept the stipulation, agreement, and conditional admission of misconduct, and the inquiry panel's recommendation. It is hereby ordered that Frank Wm. Titoni be publicly censured. It is further ordered that the respondent pay the costs of this proceeding in the amount of $50.17 to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 920–S, Denver, Colorado 80202, within thirty days after the announcement of this opinion.