The PEOPLE of the State of
Colorado, Complainant,

v.

Grace A. BELSCHES, Attorney–
Respondent.

No. 96SA192.

Supreme Court of Colorado,
En Banc.

June 24, 1996.

Linda Donnelly, Disciplinary Counsel, James S. Sudler, Assistant Disciplinary Counsel, Denver, for Complainant.

Terry Tomsick, Denver, for Attorney–Respondent.

PER CURIAM.

The respondent and the assistant disciplinary counsel have entered into a stipulation, agreement, and conditional admission of misconduct. C.R.C.P. 241.18. The parties agreed in the conditional admission to the imposition of either a private or public censure. An inquiry panel of the supreme court grievance committee approved the conditional admission, with the recommendation that the respondent be publicly censured. We accept the conditional admission and the inquiry panel's recommendation.

I.

The respondent was admitted to the Colorado bar in 1983. The conditional admission indicates that Gene Arnold retained the respondent in December 1991 to probate his mother's estate. Arnold's sister, Valinda Selogy–Borago, agreed to act as the personal representative of the estate. While the probate proceedings were pending, Arnold died in May 1992, and the personal representative, Selogy–Borago, became the respondent's client.

The respondent failed to properly pursue and conclude the estate, and failed to adequately communicate with the personal representative over an extended period of time. The respondent did not file certain probate forms that the personal representative had sent to the respondent in August 1992 and again in January 1993. In 1994, the respondent failed to return a number of the personal representative's telephone calls, so Selogy–Borago sent the respondent a letter in May 1994 which stated that the respondent had not communicated with her since December 1992, and that she intended to hire another lawyer.

On August 19, 1994, the personal representative filed a request for investigation with the Office of Disciplinary Counsel. In January 1995, the personal representative sent a letter to the respondent asking her to withdraw, and the respondent complied.

The respondent has admitted that the foregoing conduct, which occurred both before and after the effective date of the Rules of Professional Conduct, January 1, 1993, violated DR 6–101(A)(3) and R.P.C. 1.3 (a lawyer shall not neglect a legal matter entrusted to the lawyer), and R.P.C. 1.4(a) (failure to keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information).

## II.

In approving the stipulation, the inquiry panel recommended that the respondent receive a public censure. The ABA *Standards for Imposing Lawyer Sanctions* (1991 & Supp.1992) (ABA *Standards* ) provides that, in the absence of aggravating or mitigating factors, a private censure "is generally appropriate when a lawyer is negligent and does not act with reasonable diligence in representing a client, and causes little or no actual or potential injury to a client." *Id.* at 4.44. On the other hand, a public censure "is generally appropriate when a lawyer is negligent and does not act with reasonable diligence in representing a client, and causes injury or potential injury to a client." *Id.* at 4.43.

The assistant disciplinary counsel states that "it is difficult to prove by clear and convincing evidence that respondent's failure to communicate has caused any calculable harm to Ms. Selogy–Borago or anyone else." Although the personal representative has not been able to resolve her mother's estate as of the date of the conditional admission, "[t]here is no evidence that this is due to respondent's misconduct." In mitigation, the assistant disciplinary counsel indicates that the respondent did not have a dishonest or selfish motive at the time of the misconduct, *id.* at 9.32(b); she made full and free disclosure during the disciplinary proceedings, *id.* at 9.32(e); and the respondent has demonstrated remorse, *id.* at 9.32(*l* ).

Nevertheless, we conclude that public discipline is appropriate in this case because of the respondent's prior disciplinary history, which is an aggravating factor. *Id.* at 9.22(a). The respondent received an admonition in 1988 and a private censure in 1990. Because of the prior discipline, private discipline is inadequate. *People v. Titoni,* 893 P.2d 1322, 1323 (Colo.1995); *People v. Bergner,* 873 P.2d 726, 727–28 (Colo.1994). Accordingly, we have decided to accept the conditional admission and the inquiry panel's recommendation.

## III.

It is hereby ordered that Grace A. Belsches be publicly censured. It is further ordered that the respondent pay the costs of this proceeding in the amount of $72.23 within thirty days after the announcement of this opinion to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 920–S, Denver, Colorado 80202.

SCOTT, J., does not participate.