The PEOPLE of the State of
Colorado, Complainant,

v.

Dennis G. BONNER, Attorney–
Respondent.

No. 96SA347.

Supreme Court of Colorado,
En Banc.

Nov. 25, 1996.

Linda Donnelly, Disciplinary Counsel, James S. Sudler, Assistant Disciplinary Counsel, Denver, for Complainant.

Jay P.K. Kenney, Denver, for Respondent.

PER CURIAM.

A hearing panel of the supreme court grievance committee approved the findings and recommendation of a hearing board that the respondent in this lawyer discipline case be publicly censured for neglecting a criminal matter entrusted to him. Neither the assistant disciplinary counsel nor the respondent has excepted to the panel's action. We accept the hearing panel's recommendation and publicly censure the respondent.

I

The respondent was admitted to practice law in Colorado in 1974. After listening to testimony from the complainant's and the respondent's witnesses, including the respondent himself, and considering the exhibits introduced into evidence, the hearing board found that the following had been established by clear and convincing evidence.

Fred Weber was charged by information with second degree assault, § 18–3–203, 8B C.R.S. (1986 & Supp.1996), a class 4 felony; resisting arrest, § 18–8–103, 8B C.R.S. (1986), a class 2 misdemeanor; and obstructing a peace officer, § 18–8–104, 8B C.R.S. (1986 & 1994 Supp.), a class 2 misdemeanor. The charges arose from an incident between Weber and the Commerce City Police Department on July 4, 1994. Although Weber originally was represented by the public defender's office at the preliminary hearing, Weber later was found to be ineligible for the services of a public defender. Weber then retained the respondent and paid him a total of $1,500 to represent him. The respondent entered an appearance on Weber's behalf on November 3, 1994. The case was set for trial to begin on April 3, 1995.

On November 16, 1994, the respondent appeared at this client's second arraignment on the charges in Adams County District Court. Immediately afterwards, the respondent drove to the Adams County District Attorney's Office, which is located a short distance from the courthouse, to obtain discovery from the district attorney's file. Because the file had been taken to the courthouse for Weber's arraignment, however, it was not available when the respondent asked for it.

According to the hearing board's findings, the Adams County District Attorney's Office maintains an open-file policy which means that all of the file, with the exception of attorney work-product material, is available for defense lawyers to inspect and copy. Although the respondent was aware of this policy, he nevertheless filed a motion for discovery. Because he did not pursue the motion, the court did not rule on it.

The respondent had ample opportunity between November 16, 1994 and the date of the trial, April 3, 1995, to personally review the district attorney's file or to have someone review and copy it. However, he made no

such effort other than placing a few ineffectual telephone calls. The district attorney's file contained the police reports of the incident, an affidavit in support of his client's arrest, and even a handwritten statement that his client had given the police. Because the public defender's office had ordered a transcript of the September 1994 preliminary hearing, a copy of the transcript was also in the district attorney's file. The respondent reviewed none of these documents.

The respondent's trial preparation consisted of interviewing his client and his client's family, subpoenaing witnesses for trial, preparing opening and closing arguments and direct and cross-examination, and drafting jury instructions. The respondent also filed a list of defense witnesses.

Just before the trial was to begin on April 3, 1995, the deputy district attorney assigned to the case talked to the respondent in the hallway outside the courtroom regarding an additional police report that might not have been available for inspection. When the deputy district attorney learned that the respondent had not read or reviewed the district attorney's file, he brought that fact to the attention of the trial judge. The respondent admitted that he had not looked at either the district attorney's or public defender's files prior to trial, and the trial judge then advised Weber that he could discharge the respondent and have the matter reset for trial at a later date. Weber elected to hire another lawyer.

Weber eventually pleaded guilty to a reduced class 4 felony, and was sentenced in October 1995 to five years' probation and thirty days' home detention. The district attorney had made an offer for Weber to plead guilty to this reduced class 4 felony in exchange for dismissal of the other charges as early as September 1994, before the respondent was retained. The respondent did not have any plea discussions with the prosecuting attorney because of his understanding that Weber was not interesting in a negotiated plea.

The hearing board found that in order to competently represent Weber the respondent should have reviewed the district attorney's file and the transcript of the preliminary hearing. In June 1996, shortly before the hearing in this discipline case, the respondent and Weber entered into an agreement under which the respondent agreed to refund the $1,500 fee that Weber paid to him. Some of the $1,500 remains to be paid.

The foregoing conduct violated R.P.C. 1.1 (a lawyer shall provide competent representation to a client), and R.P.C. 1.3 (a lawyer shall not neglect a legal matter entrusted to that lawyer).[1]

II

The hearing panel approved the board's recommendation that the respondent receive a public censure, and the parties have not excepted to that recommendation. The ABA *Standards for Imposing Lawyer Sanctions* (1991 & Supp.1992) (ABA *Standards*) provides that, in the absence of aggravating or mitigating factors, a private censure "is generally appropriate when a lawyer is negligent and does not act with reasonable diligence in representing a client, and causes little or no actual potential injury to a client." *Id.* at 4.44. On the other hand, a public censure "is generally appropriate when a lawyer is negligent and does not act with reasonable diligence in representing a client, and causes injury or potential injury to a client." *Id.* at 4.43.

Any question that private discipline would be sufficient in this case is foreclosed by the respondent's prior disciplinary history. He has received five letters of admonition: in 1979, 1982, 1988, 1991, and 1994. Private discipline obviously has been inadequate to ensure that the respondent meets his professional obligations. *See People v. Belsches,* 918 P.2d 559, 560 (Colo.1996); *People v. Titoni,* 893 P.2d 1322, 1323 (Colo.1995); *People v. Bergner,* 873 P.2d 726, 727–28 (Colo.1994).

---

1. The hearing board also found that it had not been established by clear and convincing evidence that the respondent's conduct violated R.P.C. 8.4(d) (conduct that is prejudicial to the administration of justice), as charged in the complaint. The assistant disciplinary counsel has not excepted to this finding.

Accordingly, we accept the hearing panel's recommendation.

## III

It is hereby ordered that Dennis G. Bonner be publicly censured. It is further ordered that the respondent pay the costs of this proceeding in the amount of $122.28 within thirty days after the announcement of this opinion to the Supreme Court Grievance Committee, 600 17th Street, Suite 920–S, Denver, Colorado 80202.

KOURLIS, J., does not participate.

