The PEOPLE of the State of
Colorado, Complainant,

v.

Joseph E. MOHAR, Attorney–Respondent.

No. 97SA38.

Supreme Court of Colorado,
En Banc.

March 31, 1997.

Linda Donnelly, Disciplinary Counsel, Denver, for Complainant.

Joseph E. Mohar, Thornton, pro se.

PER CURIAM.

A hearing panel of the supreme court grievance committee approved the findings and recommendation of a hearing board that the respondent in this disciplinary proceeding be publicly censured. We accept the panel's recommendation.

I

The respondent was admitted to the practice of law in Colorado in 1966. The allegations in the complaint were established pursuant to the board's order granting summary judgment in favor of the complainant.

Edwin J. Ryan retained the respondent to file a bankruptcy petition on his behalf. Ryan paid the respondent an initial $200 on November 24, 1994, and the balance of $160 on December 6. Over the following months, the respondent failed to file the petition, while assuring and reassuring Ryan that he would do so soon. Ryan filed a request for investigation concerning the respondent with the Office of Disciplinary Counsel on August 10, 1995. The respondent finally filed Ryan's bankruptcy petition on October 6, 1995. The respondent's inexcusable inaction during a period of over ten months violated R.P.C. 1.3 (neglecting a legal matter entrusted to the lawyer).

II

The hearing panel approved the board's recommendation that the respondent receive a public censure. Neither of the parties has excepted to the panel's action. The ABA *Standards for Imposing Lawyer Sanctions* (1991 & Supp.1992) (ABA *Standards* ), provides that, in the absence of aggravating or mitigating factors, public censure is an appropriate sanction when "a lawyer is negligent and does not act with reasonable diligence in representing a client, and causes injury or potential injury to a client." ABA *Standards* 4.43. On the other hand, a private censure "is generally appropriate when a lawyer is negligent and does not act with reasonable diligence in representing a client, and causes little or no actual or potential injury to a client." *Id.* at 4.44. In mitigation, the board found that at the time of the misconduct the respondent was experiencing health problems requiring a stay in the hospital for five days. *See id.* at 9.32(c) (personal and emotional problems are mitigating factors).

Nevertheless, private discipline is foreclosed in this case by the respondent's prior disciplinary history. *See People v. Bonner,* 927 P.2d 836, 837 (Colo.1996). He has previously received two letters of admonition and a private censure. "Private discipline obviously has been inadequate to ensure that the respondent meets his professional obligations." *Id.*

III

Accordingly, we accept the hearing panel's recommendation. Joseph E. Mohar is hereby publicly censured, and is ordered to pay the costs of this proceeding in the amount of

$130.24 within thirty days to the Supreme Court Grievance Committee, 600 17th Street, Suite 920–S, Denver, Colorado 80202.