**The PEOPLE of the State of Colorado, Complainant,**

v.

**Gregory Alan WHITE, Attorney–Respondent.**

**No. 96SA403.**

Supreme Court of Colorado, En Banc.

April 7, 1997.

Linda Donnelly, Disciplinary Counsel, James C. Coyle, Assistant Disciplinary Counsel, Denver, for Complainant.

McAllister & Murphy, P.C., Barry Boughman, Patrick T. Murphy, Denver, for Attorney–Respondent.

PER CURIAM.

This is a lawyer discipline case in which a hearing panel of the Supreme Court Grievance Committee approved the findings and the recommendation of a hearing board that the respondent be suspended for thirty days from the practice of law. The respondent has excepted to the panel's action, asserting that a public censure is the appropriate sanction. We agree with the hearing panel that a suspension is warranted, but we modify the panel's recommendation to suspension for ninety days because of the respondent's misrepresentations during the investigation of this case and his default before the hearing board.[1]

## I.

The respondent was admitted to practice law in Colorado in 1974. The respondent did not answer the complaint and an order of default was entered. The allegations of fact in the complaint were therefore deemed admitted. C.R.C.P. 241.13(b); *People v. McCaffrey*, 925 P.2d 269, 270 (Colo.1996). Based on the respondent's default and the evidence presented, the hearing board found

---

1. Because the respondent excepted to the recommended suspension, the parties have fully briefed and argued the issue of the appropriate discipline. As in previous cases, we therefore do not consider it necessary to issue a rule to show cause why more severe discipline should not be imposed before deciding this case. *See, e.g., People v. Lowery*, 894 P.2d 758, 759 (Colo.1995).

that the following had been established by clear and convincing evidence.

The respondent represented John Chilson in the resolution of a debt owed to the estate of Chilson's father by Sandy Fletcher. On September 16, 1994, Fletcher's lawyer sent a check to the respondent marked "full and final settlement from Sandy Fletcher." The respondent disbursed the $3,600 to his client, and delivered to Fletcher's lawyer the original promissory note filed against Fletcher's real property. The lawyer forwarded these documents to the public trustee.

The public trustee returned the documents to Fletcher's lawyer in December 1994, indicating that the promissory note must be marked "paid," dated, signed by all current beneficiaries, and that a chain of assignments be included in order that the ownership of the note could be traced to the respondent's client from his father. In January 1995, the lawyer sent a letter to the respondent outlining the problems and enclosing the original promissory note to be marked appropriately.

The lawyer heard nothing further from the respondent for months despite several follow-up letters. Telephone calls from the Professionalism Committee of the Larimer County Bar Association to the respondent were not returned. On July 20, 1995, a request for investigation was filed with the Office of Disciplinary Counsel.

The investigative counsel assigned to the case interviewed the respondent on November 16, 1995. The respondent stated that he had lost the original promissory note, but that he would promptly obtain a lost instrument bond, and would cooperate with the trustee bank for the estate or seek assistance from another lawyer to resolve the chain of assignment. The respondent assured the investigator that there would be no more unanswered letters or unreturned phone calls.

On December 7, 1995, the respondent told the investigator that he had contacted Fletcher's lawyer and had taken appropriate steps to resolve the problem. The respondent also indicated that he would mail documents to the investigator confirming these representations. The respondent's representations to the investigator were false. He had not contacted the other lawyer and had taken no steps to resolve the problem. Finally, on December 22, 1995, the respondent sent the promissory note, marked "paid," along with additional documents to Fletcher's lawyer.

The hearing board found that the respondent failed to obtain a release of deed of trust, a lost instrument bond, and the chain of assignments after being asked to do so for a period of approximately eleven months. The respondent's conduct violated R.P.C. 1.3 (neglecting a legal matter entrusted to the lawyer) and R.P.C. 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit or misrepresentation).

## II.

 The hearing panel approved the board's recommendation that the respondent be suspended for thirty days. The respondent has excepted to the recommendation as too severe, and suggests that a public censure is more appropriate.

The ABA *Standards for Imposing Lawyer Sanctions* (1991 & Supp.1992) (ABA *Standards*), provides that, in the absence of aggravating or mitigating factors, suspension is an appropriate sanction when "(a) a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client; or (b) a lawyer engages in a pattern of neglect and causes injury or potential injury to a client." ABA *Standards* 4.42.

The hearing board determined that as a result of the respondent's inaction Fletcher suffered actual harm. She incurred a total of $1,257 in additional attorney fees in order to secure the release of the deed of trust on her property after her lawyer first advised the respondent of the problems noted by the public trustee. Respondent tendered a check in this amount on the date of the hearing in this case, August 2, 1996.

The hearing board also found that the following aggravating factors were present. The respondent received a letter of admonition previously for neglecting a client matter for fourteen months, *see* ABA *Standards* 9.22(a) (prior discipline is an aggravating factor); there is the presence of a dishonest

motive, *see id.* at 9.22(b); bad faith obstruction of the disciplinary proceeding by intentionally failing to participate in the proceeding, *see id.* at 9.22(e); submission of false statements during the disciplinary process, *see id.* at 9.22(f); the respondent refused to acknowledge the wrongful nature of his conduct, *see id.* at 9.22(g); Fletcher suffers from multiple physical disabilities and was therefore a vulnerable victim, *see id.* at 9.22(h); and the respondent has substantial experience in the practice of law, *see id.* at 9.22(i). In mitigation, the board determined that the respondent did not have a true selfish motive in neglecting the matter, *see id.* at 9.32(b); that he ultimately reimbursed the legal fees Fletcher incurred due to his misconduct, *see id.* at 9.32(d); the respondent eventually acknowledged the wrongfulness of his conduct, *cf. id.* at 9.22(g); and that mental problems and alcohol abuse have led the respondent to seek counseling, *see id.* at 9.32(c) (recognizing that personal and emotional problems may constitute a mitigating factor). We also note that, following the hearing in this case, the respondent was admitted into, and discharged from, a chemical dependency treatment program.

The respondent argues that we should impose a public censure given the substantial factors in mitigation. If respondent's misconduct had been confined to negligence, we might agree that a public censure would be sufficient. *See, e.g., People v. Belsches,* 918 P.2d 559, 560 (Colo.1996). However, respondent has a history of prior discipline, and he defaulted before the hearing board. We are concerned that respondent made false statements to the Office of Disciplinary Counsel during the investigation of this case. As noted, this constitutes an aggravating factor in attorney discipline, and it constitutes a violation of uncharged misconduct under R.P.C. 8.1. Licensed attorneys should be truthful to the Office of Disciplinary Counsel at all times. *See People v. Gaimara,* 810 P.2d 1076 (1991); *People v. Garrett,* 802 P.2d 1082 (1990). The one exception to this rule is where the respondent remains silent and claims the privilege of the Fifth Amendment to the United States Constitution. *See* Model Rules of Professional Conduct Rule 8.1 cmt. (1996). We view false statements to

investigators of the Disciplinary Counsel as warranting a serious sanction. For this reason and respondent's history of discipline, a suspension of thirty days is inappropriate, and we therefore order that respondent be suspended for ninety days.

### III.

It is hereby ordered that Gregory Alan White is suspended from the practice of law for a period of ninety days, effective thirty days after the date of this opinion. The respondent is also ordered to pay the costs of this proceeding in the amount of $137.34 within thirty days to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 920–S, Denver, Colorado 80202.

HOBBS, J., does not participate.