**The PEOPLE of the State of Colorado, Complainant,**

v.

**Gregory Alan WHITE, Attorney– Respondent.**

**No. 97SA413.**

Supreme Court of Colorado, En Banc.

Jan. 20, 1998.

**484**

Linda Donnelly, Disciplinary Counsel, James C. Coyle, Assistant Disciplinary Counsel, Denver, for Complainant.

Patrick T. Murphy, Denver, for Attorney–Respondent.

## PER CURIAM.

The complainant and the respondent in this lawyer discipline case executed a stipulation, agreement, and conditional admission of misconduct pursuant to C.R.C.P. 241.18. An inquiry panel of the supreme court grievance committee approved the conditional admission and recommended that the respondent receive a public censure. We accept the conditional admission and the inquiry panel's recommendation.

### I.

The respondent was licensed to practice law in Colorado in 1974. The conditional admission provides that the respondent was administratively suspended from the practice of law beginning May 21, 1996, and continuing through August 20, 1996, because of his failure to comply with mandatory continuing legal education requirements. *See* C.R.C.P. 260.6(10).

On May 24, 1996, before he saw the notice suspending him, the respondent met a client regarding a power of attorney and revision of a will. The respondent agreed to meet the client and her mother a week later. He did not appear at either this meeting or at a subsequent meeting on June 14. On June 25, 1996, the respondent spoke with the client on the telephone and told her to obtain a new lawyer. He failed to advise her that he had been suspended, however.

Also in June, the respondent's paralegal met with one of the respondent's clients so that she could sign a will that had been prepared before the respondent's suspension. However, respondent failed to inform the client of his suspension. In addition, the respondent had a scheduled trial setting on June 26 and he failed to advise the opposing counsel that he was suspended. And in July he spoke with another lawyer involved in an estate matter; however, once again respondent did not reveal his suspension to either the lawyer or to his own client.

Moreover, the respondent did not disclose the fact of his suspension to his law partners nor did he advise employees of the firm regarding his suspension. As a consequence, during his period of suspension, the firm's receptionist continued to answer telephone calls to the firm with a greeting that included respondent's name in that of the firm name, implying that he was authorized to practice law. The respondent also failed to provide any of the information required by C.R.C.P. 241.21 following his suspension, and he did not file the affidavit with this court required by C.R.C.P. 241.21(d). *See People v. Johnson,* 946 P.2d 469, 470–71 (Colo.1997) (complying with procedures in C.R.C.P. 241.21 is mandatory following administrative suspension for CLE non-compliance).

The respondent has admitted that during the period of his administrative suspension, he neglected legal matters by failing to withdraw or to obtain substitute counsel for his clients, or even telling hem he had been suspended. He therefore violated Colo. RPC 1.3 (neglecting a legal matter).[1]

---

1. The complainant indicates that it cannot be proven by clear and convincing evidence that the respondent knowingly practiced law in violation

of the rules of the legal profession, contrary to Colo. RPC 5.5(a), as charged in the formal complaint. In addition, as part of the conditional

## II.

The inquiry panel approved the conditional admission and recommended that the respondent receive a public censure, together with certain special conditions. Under the ABA *Standards for Imposing Lawyer Sanctions* (1991 & 1992 Supp.) (ABA *Standards*), in the absence of aggravating or mitigating circumstances, "[s]uspension is generally appropriate when: (a) a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client; or (b) a lawyer engages in a pattern of neglect and causes injury or potential injury to a client." *Id.* at 4.42. Similarly, "[s]uspension is appropriate when a lawyer knowingly violates a court order or rule, and there is injury or potential injury to a client or a party, or interference or potential interference with a legal proceeding." *Id.* at 6.22.

On the other hand, public censure is an appropriate sanction when "a lawyer is negligent and does not act with reasonable diligence in representing a client, and causes injury or potential injury to a client." *Id.* at 4.43. A public censure is also warranted when the lawyer's failure to comply with a court order is only negligent. *Id.* at 6.23.

The respondent has been previously disciplined for neglecting legal matters, which is an aggravating factor. *See id.* at 9.22(a). He received a letter of admonition in March 1992. We suspended him for ninety days in April 1997 for failing to obtain the release of a deed of trust and related documents over a period of approximately eleven months, defaulting before the hearing board, and making false statements to the Office of Disciplinary Counsel. *See People v. White*, 935 P.2d 20, 21–22 (Colo.1997). The misconduct in this case occurred before the respondent was suspended in the previous case, so these two cases can be viewed as a pattern of misconduct. *See id.* at 9.22(c). Given the offense in this case and the aggravating factors, we would ordinarily consider a public censure too lenient. Other facts and conditions persuade us otherwise, however.

The conditional admission states:

admission, the complainant has moved to dismiss the charge involving a violation of Colo.

Prior to and during the time of his CLE suspension in the summer of 1996, the respondent was suffering from depression and alcoholism. Subsequently, the respondent successfully completed a twenty-eight day inpatient alcohol treatment program at Harmony House in Estes Park, Colorado. The respondent has been alcohol free since November 1996, and is currently undergoing aftercare treatment at Harmony House and is taking [an] antidepressant.... The respondent is also actively involved in Alcoholics Anonymous.

As part of the conditional admission, the respondent has agreed to comply with the following special conditions:

(1) The respondent shall remain alcohol-free for at least one year beginning January 20, 1998.

(2) The respondent shall continue with all therapy and medication programs as prescribed for a period of one year beginning January 20, 1998, or such shorter period as determined by his treating psychologist, John Gilburt, Ph.D., CAC III.

(3) The respondent shall cause Dr. Gilburt and Harmony House to immediately disclose to the Office of Disciplinary Counsel, 600 17th Street, 510–South, Denver, Colorado 80202, if the respondent fails to remain alcohol-free, to provide any other information which in any fashion might reflect upon the respondent's ability to practice law, and to immediately disclose any violation of any of these conditions imposed including any failure by the respondent to cooperate and comply with the directions of Dr. Gilburt and Harmony House.

(4) The respondent shall prepare and execute a written authorization to release all therapy information throughout the remainder of his therapy, and deliver the same forthwith to Dr. Gilburt and Harmony House.

(5) The respondent shall remain in Alcoholics Anonymous, or any other comparable support group, for a period of one year, beginning January 20, 1998.

RPC 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation).

(6) The respondent agrees that failure to comply with these special conditions shall be cause for immediate suspension of his license, pursuant to the procedure of C.R.C.P. 241.8, in addition to those causes listed in that rule.

We conclude that these special conditions are both appropriate and adequate given that the respondent has practiced law for twenty-three years, and his problems with alcohol and depression have surfaced for disciplinary purposes only in the last few years. Accordingly, we accept the conditional admission and the inquiry panel's recommendation.

### III.

Gregory Alan White is hereby public censured. It is ordered that he comply with special conditions (1) through (6) above. It is further ordered that the respondent pay the costs of this proceeding in the amount of $404.29 to the Supreme Court Grievance Committee, 600 17th Street, Suite 920–S, Denver, Colorado 80202, within thirty days of the date of this opinion.

HOBBS, J., does not participate.