**The PEOPLE of the State of Colorado, Complainant,**

v.

**Steven Jon SMITH, Attorney–Respondent.**

**No. 88SA425.**

Supreme Court of Colorado, En Banc.

Feb. 28, 1989.

George S. Meyer, Deputy Disciplinary Counsel, Denver, for complainant.

Steven Jon Smith, Fort Collins, pro se.

LOHR, Justice, administered the public censure.

Steven Jon Smith, you appear before this court to receive a public censure for your professional misconduct. A complaint alleging your professional misconduct was filed against you by the disciplinary counsel. On October 14, 1988, you entered into a stipulation, agreement, and conditional admission of misconduct with respect to the allegations contained in the complaint. An inquiry panel of the Grievance Committee accepted the stipulation and agreement, and it recommended that you be disciplined by imposition of a private censure.[1] We also accept the stipulation and agreement, but we conclude that the seriousness of your conduct, even when balanced against the mitigating factors you have presented in your statement in mitigation, warrants imposition of this public censure.

### I.

In your stipulation, you admitted the following facts and agreed with the following conclusions relevant to your misconduct. You were admitted to the Bar of this court on October 16, 1974, and are registered as an attorney upon the official records of this court. Accordingly, you are subject to the jurisdiction of this court and its Grievance Committee in these proceedings.

On September 17, 1985, Mr. and Mrs. Charles Geesey retained you to represent them in resolving a furniture damage claim against a moving and storage company. You accepted their case and a $300 retainer fee. On September 20, 1985, you sent a short demand letter to the moving and storage company asserting that the Geeseys would commence suit "within a week."

The Geeseys then paid you an additional $17 for filing fees on October 2, 1985, to commence the litigation. You advised them shortly thereafter that the suit had been filed in the County Court of Larimer County.

When the Geeseys inquired about delays in the case, you made the following misrepresentations to explain the reasons for the delays:

(1) In mid-February 1986, you said a continuance was required since you were in Indiana visiting your father who was ill;

(2) On July 23, 1986, you said a continuance was required since the judge had been sick and his caseload was backed up;

(3) On September 25, 1986, you said you requested a continuance since a witness was unavailable for testimony;

(4) On March 17, 1987, you said a continuance was required because a criminal case had priority;

(5) On May 13, 1987, you said a continuance was required because the clerk of the court forgot to schedule the case;

(6) On June 24, 1987, you said another continuance was required as the court clerk again forgot to schedule the case.

The Geeseys became suspicious of all the continuances, and eventually contacted the court to determine the status of their case. The court informed them that no case had ever been filed on their behalf. The Geeseys then contacted you, and you admitted to them that you had never filed the suit and you attempted to refund the $317 they had paid you. The Geeseys refused the refund and retained new counsel. Eventually, the new lawyer obtained a favorable judgment for the Geeseys on their furniture damage claim. You then made restitution to the Geeseys for the $317 plus the interest they had lost as a result of the delay in obtaining the judgment.

---

1. Seven members of the inquiry panel favored a private censure. Two voted for a public censure. One was absent and did not participate.

You stipulated, and we agree, that the foregoing conduct violates C.R.C.P. 241.6 (violation of the Code of Professional Responsibility), DR 1-102(A)(4) [ABA Model Rules of Professional Conduct, Rule 8.4(c) (1983) ] (conduct involving dishonesty, fraud, deceit, or misrepresentation), DR 1-102(A)(5) [ABA Model Rule 8.4(d) ] (conduct prejudicial to the administration of justice), DR 6-101(A)(3) [ABA Model Rule 1.3] (neglect of a legal matter entrusted to a lawyer), DR 7-101(A)(1) [ABA Model Rule 1.2] (failure to seek lawful objectives of client), and DR 7-101(A)(2) (failure to carry out contract of employment for professional services) [see ABA Model Rule 1.3].

## II.

■ Under the American Bar Association's Standards for Imposing Lawyer Sanctions (1986) (ABA Standards), suspension from the practice of law is generally the appropriate discipline when:

(a) a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client, or

(b) a lawyer engages in a pattern of neglect and causes injury or potential injury to a client[, or]

....

[c] ... a lawyer knowingly deceives a client, and causes injury or potential injury to the client.

ABA Standards 4.42, 4.62. In this case, the Geeseys were injured by your knowing failure to perform services for them, your pattern of neglect, and your willful misrepresentations and deceptions. Thus, in the absence of aggravating or mitigating circumstances, suspension would be the appropriate sanction for the professional misconduct to which you have admitted. *See, e.g., People v. Hodge,* 752 P.2d 533, 536 (Colo.1988) (attorney suspended for failing to perform services for client and engaging in pattern of neglect).

However, "aggravating and mitigating circumstances may be considered in deciding what sanction to impose." ABA Standards 9.1. Aggravating factors present here include a pattern of misconduct and multiple offenses. *See* ABA Standards 9.22(c), (d). On six different occasions you misrepresented to the Geeseys that you had commenced suit on their behalf when in fact you had not. Thus, your misconduct was repeated and not a single, isolated incident. Additionally, you violated the disciplinary rules in more than one respect because you not only neglected a legal matter entrusted to you, but you also were dishonest with the Geeseys when they contacted you about the delays in their case.

The disciplinary counsel noted several mitigating factors and recommended a private censure. These factors are (1) absence of any prior disciplinary record, *see* ABA Standards 9.32(a); (2) personal problems during the period of your misconduct, *see* ABA Standards 9.32(c); (3) a good faith and timely rectification of the consequences of your misconduct by returning to the Geeseys all fees paid to you plus their lost interest on the principal amount they eventually recovered, *see* ABA Standards 9.32(d); (4) full and free disclosure to the Grievance Committee of your misconduct, *see* ABA Standards 9.32(e); and (5) expression of remorse over your misconduct, *see* ABA Standards 9.32(*l*). We agree with the disciplinary counsel that in light of the several mitigating factors present here, suspension is not an appropriate sanction. Nevertheless, we conclude that great weight must be given to the seriousness of the misconduct itself. *See People v. Loseke,* 698 P.2d 809, 810 (Colo. 1985) (considering nature of misconduct in determining appropriate sanction).

■ In light of your repeated misrepresentations to your clients, the Geeseys, extending over a period of more than one year, we determine that a public censure is the appropriate sanction for your misconduct. A private censure, because it does not inform the public about a lawyer's misconduct, "should be used only when the lawyer is negligent, when the ethical violation results in little or no injury to a client, the public, the legal system, or the profession, and when there is little or no likelihood of repetition." ABA Standards 2.6 (commentary). Here, your misconduct involved dishonesty as well as neglect.

Therefore, even with the presence of the mitigating factors mentioned above, we conclude that a public censure is the appropriate sanction. *See* ABA Standards 2.5.

### III.

Accordingly, you, Steven Jon Smith, are hereby publicly censured by this court for your professional misconduct. This public censure will remain on file with this court for further consideration should you again violate the Code of Professional Responsibility. You are also ordered to pay the sum of $46.10, representing the costs of grievance proceedings in this matter, to the Supreme Court Grievance Committee at 600 Seventeenth Street, Suite 500–S, Denver, Colorado, 80202, within thirty days of the announcement of this opinion.