The PEOPLE of the State of Colorado, Complainant,

v.

Robert E. GOODWIN, Attorney–Respondent.

No. 89SA246.

Supreme Court of Colorado, En Banc.

Sept. 18, 1989.

Linda Donnelly, Disciplinary Counsel, Denver, for complainant.

John Astuno, Jr., Denver, for atty.-respondent.

Justice ERICKSON delivered the Opinion of the Court.

Robert E. Goodwin, the supreme court has determined that you should receive a public censure for your professional misconduct. After a disciplinary complaint was filed, you entered into a stipulation which sets forth the basic facts and the disciplinary rules which you violated. The Inquiry Panel unanimously approved the Stipulation, Agreement and Conditional Admission of Misconduct, and recommended that you be disciplined by the imposition of a public censure and assessed the costs of these proceedings. We approve the recommendation and the Stipulation, Agreement and Conditional Admission of Misconduct. You are publicly censured for your profes-sional misconduct and we order that you pay the costs incurred in this disciplinary proceeding.

I.

You were admitted to the bar of this court on April 13, 1962, and are registered as an attorney upon the official records of this court, registration number 3630. You are accordingly subject to the jurisdiction of this court and its Grievance Committee. The Stipulation, Agreement and Conditional Admission of Misconduct reflects a pattern of neglect of legal matters entrusted to you by your client, Dr. Joseph Stapen.

On October 29, 1986, you were retained by Dr. Joseph Stapen to defend a collection action which was based upon an office lease. Dr. Stapen had discharged his prior lawyers and paid you $1,500 as a retainer. You were to bill against that retainer at $100 per hour. On January 22, 1987, you prepared an amended answer and counter-claim in the presence of Dr. Stapen, but failed to provide him with a copy, although you agreed to do so, and did not provide him with copies of other pleadings which he requested.

In May 1987, you entered into settlement negotiations and wrote the plaintiff's law-yers indicating that your client would settle all claims and counterclaims providing that his attorney fees were paid. You stated that Dr. Stapen's former counsel had charged a total of $1,115.20 and that you had incurred expenses in the amount of $3,500 on behalf of Dr. Stapen for a total of $4,615.20. Previously, the plaintiff had offered to settle if Dr. Stapen paid $5,000. Dr. Stapen rejected the settlement offer. When Dr. Stapen received your letter to plaintiff's counsel he called you to inquire about the $3,500 that you stated you had incurred as your legal fees. You advised him that you had not totally used the $1,500 retainer that he had paid and that the $3,500 in your letter to plaintiff's coun-sel was a negotiating tool. You said that the letter indicated $3,500, but was intend-ed to reflect the $1,500 retainer paid and the previous attorney's fees of $1,115.20, together with $1,230 which was being held

by the plaintiff as a security deposit. Dr. Stapen then requested an itemization of your charges against the $1,500 retainer. You did not provide that accounting.

In June 1987, Dr. Stapen again wrote you requesting information about his case, and inquired about the failure of the plaintiff to produce documents that were the subject of discovery. In July, you filed a motion to compel answers to your requests for discovery and sought sanctions against the plaintiff. In September 1987, your motion to compel answers to your discovery demands was granted along with reasonable attorney fees. When you obtained discovery, however, you did not forward the material you discovered to Dr. Stapen.

Thereafter, Dr. Stapen filed a disciplinary complaint and you obtained a dismissal of the civil action against your client. The stipulation settling the civil action provided that each party would dismiss all claims against the other without payment of any settlement monies by either party. You then personally reimbursed Dr. Stapen the $2,615.20 that he had paid for attorney fees in defending the claim and asserting a counterclaim. As a result, Dr. Stapen has not been damaged. You, however, neglected your client's case by taking no action of any kind between September 1987 and September 1988. You also failed to promptly and adequately communicate with your client and failed to provide an accounting for his fees after a request was made, in violation of Rule 241.6 of the Colorado Supreme Court Rules Concerning Discipline of Attorneys. Your conduct also violated the Code of Professional Responsibility, DR 1–102(A)(1) (ABA Model Rule 8.4(a)) (violation of a disciplinary rule); DR 6–101(A)(3) (ABA Model Rules 1.3 & 1.4(a)) (neglect of a legal matter entrusted to a lawyer); and DR 9–102(B)(3) (ABA Model Rule 1.15) (maintenance of a complete record of a client's funds and duty to render an accounting).

Since your client was not damaged and the neglect of legal matters entrusted to you was resolved by the dismissal of the case against your client, your conduct would ordinarily be treated as the subject of an admonition. *See* Standards for Imposing Lawyer Sanctions Standard 4.44 (1986). However, you have received three prior letters of admonition for neglect of legal matters entrusted to you by your clients. Because of your previous discipline, *People v. Smith,* 769 P.2d 1078 (Colo. 1989), requires the imposition of a public censure. Accordingly, you are publicly censured to avoid the likelihood of repetition of your neglect of your client's legal matters. You are ordered to pay the costs of this proceeding in the amount of $40.00 to the Supreme Court Grievance Committee, 600–17th Street, Suite 500 S, Denver, Colorado 80202, within thirty days from the date of the announcement of this opinion.