The PEOPLE of the State of Colorado, Complainant,

v.

Ronald Scott NELSON, Attorney–Respondent.

No. 93SA12.

Supreme Court of Colorado, En Banc.

Feb. 16, 1993.

Linda Donnelly, Disciplinary Counsel, John S. Gleason, Asst. Disciplinary Counsel, Denver, for complainant.

Ronald Scott Nelson, pro se.

PER CURIAM.

An inquiry panel of the Supreme Court Grievance Committee approved a stipulation, agreement, and conditional admission of misconduct entered into between the respondent and the assistant disciplinary counsel. The parties recommended in the stipulation that the respondent be publicly censured for misconduct involving neglect and misrepresentations. After weighing the seriousness of the respondent's conduct against certain factors in mitigation, we find it appropriate to accept the stipulation and to order that the respondent be publicly censured and assessed costs.

I

The respondent was admitted to the bar of this court on November 1, 1985, is registered as an attorney upon this court's official records, and is subject to the jurisdiction of this court and its grievance committee. C.R.C.P. 241.1(b). The stipulation contained the following pertinent facts:

a. On January 8, 1990, the Greeley Police Department demoted R. William Pilch from sergeant to traffic officer [for alleged misconduct]. . . .

b. The Greeley City Manager upheld Mr. Pilch's demotion following a hearing. Mr. Pilch then filed a suit in Weld County District Court Pursuant to C.R.C.P. 106.

c. Mr. Pilch requested and was granted paid leave from the police department from late 1989 until June 20, 1990. On July 2, 1990, the City of Greeley terminated Mr. Pilch's employment.

d. On July 7, 1990, Mr. Pilch retained respondent through an agreement with

the International Brotherhood of Police Officers to appeal Mr. Pilch's termination. Respondent filed an appeal on behalf of Mr. Pilch with the Greeley City Manager. On July 30, 1992, respondent represented Mr. Pilch in the appeal hearing with the City Manager.

e. On August 5, 1990, the City Manager upheld Mr. Pilch's dismissal. On August 7, 1990, respondent agreed to appeal Mr. Pilch's termination to the Greeley Civil Service Commission. On August 22, 1990, respondent told Mr. Pilch that he had mailed the appeal to the Civil Service Commission when, in fact he had not.

f. Between August 22, 1990, and September 17, 1990, Mr. Pilch made several unsuccessful attempts to contact respondent. On September 17, 1990, Mr. Pilch went to respondent's office and told him that the City of Greeley had not received his appeal. On the same day respondent wrote a letter to the City of Greeley Personnel Director threatening court action if Mr. Pilch's appeal was not heard by the Civil Service Commission.

g. Respondent had not filed Mr. Pilch's appeal with the Civil Service Commission. The letter respondent sent to the personnel director, therefore, was a misrepresentation.

h. Between September 17, 1990, and December, 1990, Mr. Pilch made several unsuccessful attempts to reach respondent by telephone. Mr. Pilch also wrote to respondent. On May 25, 1991, Mr. Pilch spoke with respondent. Respondent admitted to Mr. Pilch that he had done nothing on his appeal.

As the respondent has admitted, his conduct violated DR 1–102(A)(4) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation); DR 6–101(A)(3) (a lawyer shall not neglect a legal matter entrusted to the lawyer); DR 7–101(A)(1) (a lawyer shall not intentionally fail to seek the lawful objectives of the lawyer's client through reasonably available means); and DR 7–101(A)(2) (a lawyer shall not intentionally fail to carry out a contract of employment entered into with a client).

II

■ The assistant disciplinary counsel and the respondent stipulated that a public censure was an appropriate disciplinary sanction. The American Bar Association's *Standards for Imposing Lawyer Sanctions* (1986 & Supp.1992) (ABA *Standards*), recommend a period of suspension for misconduct such as the respondent's in the absence of significant aggravating or mitigating factors. Thus, suspension is generally appropriate when:

(a) a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client; or

(b) a lawyer engages in a pattern of neglect and causes injury or potential injury to a client.

ABA *Standards* 4.42. Similarly, suspension is ordinarily warranted when a lawyer knowingly deceives a client and causes injury or potential injury to the client. *Id.* at 4.62. *See People v. LaSalle*, 848 P.2d 348, 350 (Colo.1993); *People v. Smith*, 769 P.2d 1078, 1080 (Colo.1989).

■ In *LaSalle*, we suspended the attorney-respondent for a period of thirty days for comparable professional misconduct. We find it significant, however, that the respondent in this case has no history of prior discipline, ABA *Standards* 9.32(a), and does not have the same substantial experience in the practice of law as the respondent in *LaSalle*. *See LaSalle*, at 349, 350 & n. 2. This case is more analogous to *Smith* in which we publicly censured the attorney-respondent for his neglect and misrepresentations. As in *Smith*, the respondent has no prior discipline, has made full and free disclosure of his misconduct to the grievance committee, ABA *Standards* 9.32(e), and has expressed remorse for his misconduct, *id.* at 9.32(*l*). *See Smith*, 769 P.2d at 1080. Moreover, we note that the assistant disciplinary counsel has stipulated that the harm suffered by the respondent's client is "speculative at best," and that the respondent retracted his misrepresentations and admitted to his client before the institution of

 

these proceedings that he had done nothing on the client's appeal. Considering the factors in mitigation, we conclude that a public censure is appropriate. Accordingly, we accept the stipulation, agreement, and conditional admission of misconduct.

## III

It is hereby ordered that Ronald Scott Nelson be publicly censured. It is further ordered that Nelson pay the costs of this proceeding in the amount of $49.02 within thirty days after the announcement of this opinion to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 500–S, Dominion Plaza, Denver, Colorado 80202.