**1154**

The PEOPLE of the State of
Colorado, Complainant,

v.

Lucky E. SMITH, Jr., Attorney–
Respondent.

No. 93SA24.

Supreme Court of Colorado,
En Banc.

March 15, 1993.

Linda Donnelly, Disciplinary Counsel, Sandra J. Pfaff, Asst. Disciplinary Counsel, Denver, for Complainant.

Lucky E. Smith, Jr., pro se.

PER CURIAM.

This is an attorney disciplinary matter. The respondent and the assistant disciplinary counsel have entered into a stipulation, agreement, and conditional admission of misconduct. *See* C.R.C.P. 241.18. The parties have recommended the imposition of either a private or public censure. An inquiry panel of the Supreme Court Grievance Committee approved the stipulation and agreement and recommended that the respondent receive a public censure. We accept the stipulation and agreement, and the recommendation of the inquiry panel, and order that the respondent be publicly censured and pay the costs of these proceedings.

I

The respondent was admitted to the bar of this court on October 27, 1988, is registered as an attorney upon this court's official records, and is subject to the jurisdiction of this court. C.R.C.P. 241.1(b). The stipulation, agreement, and conditional admission of misconduct discloses that Ramon Cabral retained the respondent in February 1990 to represent him in a dissolution of marriage proceeding. In March 1990, the respondent told Cabral that nothing had been done on the case, and in April the respondent represented that he was extremely busy but would attend to the matter shortly.

The respondent met with Cabral's wife in July 1990 regarding a settlement, and he later told Cabral that he would draft a separation agreement. In August, after listening to the respondent's excuses for failure to prepare the separation agreement, Cabral told the respondent that he would seek other counsel if the respondent was not interested in the case. The respondent assured Cabral that he would represent him in the dissolution proceeding, and in September 1990 he submitted a draft copy of the separation agreement to Cabral and his wife. When Cabral informed the respondent of the changes he wished made in the agreement, the respondent agreed to make the changes and to schedule a court date.

Nevertheless, on three occasions during the last three months of 1990 when Cabral contacted the respondent, he was told that no court date had been set. On January 7, 1991, the respondent told Cabral that the court date would be determined later in the week and that he would let Cabral know the time and location of the hearing. This was the last communication that Cabral received from the respondent. In fact, the respondent had failed to file the dissolution of marriage proceeding despite numerous requests from Cabral that he do so over the course of almost a year.

As the respondent has admitted, his conduct violated DR 6–101(A)(3) (a lawyer

shall not neglect a legal matter entrusted to the lawyer).

## II

The inquiry panel approved the stipulation and agreement and recommended the imposition of a public censure. The assistant disciplinary counsel asserts that a public, rather than private, censure is appropriate because the respondent's neglect of the Cabral matter extended over the course of almost a year and because the respondent misrepresented to Cabral that a hearing would be set shortly when in fact the dissolution proceeding had not been filed. *See People v. Nelson*, 848 P.2d 351 (Colo.1993) (attorney publicly censured for neglect of legal matter and misrepresentations regarding the status of the legal matter); *People v. Smith*, 769 P.2d 1078, 1080 (Colo. 1989) (same).

The American Bar Association's *Standards for Imposing Lawyer Sanctions* (1986 & Supp.1992) (ABA *Standards*) recommend a period of suspension for misconduct such as the respondent's in the absence of significant aggravating or mitigating factors. Thus, suspension is generally appropriate when:

(a) a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client; or

(b) a lawyer engages in a pattern of neglect and causes injury or potential injury to a client.

ABA *Standards* 4.42.

As was the case in *Nelson* and in *Smith*, however, the respondent has no prior discipline, ABA *Standards* 9.32(a), and has made full and free disclosure of his misconduct to the grievance committee, *id.* at 9.32(e). He is also relatively inexperienced in the practice of law. *Id.* at 9.32(f). Given these mitigating factors, we conclude that a public censure is appropriate. Accordingly, we accept the stipulation, agreement, and conditional admission of misconduct.

## III

It is hereby ordered that Lucky E. Smith, Jr., be publicly censured. It is further ordered that Smith pay the costs of this proceeding in the amount of $51.75 within thirty days after the announcement of this opinion to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 500–S, Dominion Plaza, Denver, Colorado 80202.