**The PEOPLE of the State of Colorado, Complainant,**

v.

**Robert H. CARPENTER, Attorney–Respondent.**

**No. 95SA86.**

Supreme Court of Colorado, En Banc.

April 24, 1995.

Linda Donnelly, Disciplinary Counsel, James C. Coyle, Asst. Disciplinary Counsel, Denver, for complainant.

Daniel R. Christopher, Denver, for attorney-respondent.

PER CURIAM.

In this lawyer discipline proceeding, the respondent[1] and the assistant disciplinary counsel executed a stipulation, agreement, and conditional admission of misconduct. *See* C.R.C.P. 241.18. An inquiry panel of the Supreme Court Grievance Committee approved the stipulation, and recommended that the respondent be publicly censured. We accept the conditional admission and the recommendation of the inquiry panel.

I

According to the stipulation, beginning in November 1990, the respondent placed an advertisement in the Metro Denver U S WEST Yellow Pages under the name of "An Able Attorney Referral, Inc." The advertisement continued to run up to and including the 1993/1994 U S WEST Yellow Pages. The parties stipulated that the advertisement contained false, misleading, deceptive, or unfair statements, including:

a. It implied that a number of lawyers were available to prospective clients in at least thirteen specified fields of practice, when in fact there was a maximum of five lawyers available at any given time, and most of the time there were fewer than five attorneys available in substantially fewer fields of expertise than those represented in the advertisement.

b. Notwithstanding the fields listed in the advertisement, there were never any referral lawyers available in certain of the specified fields, including estates, wills and trusts, real estate, securities and tax, trials and appeals, workers' compensation, business, and contracts.

---

1. The respondent was admitted to the bar of this court on December 11, 1981, is registered as an attorney upon the official records of this court, and is accordingly subject to the jurisdiction of this court and its grievance committee in these proceedings. C.R.C.P. 241.1(b).

c. Although respondent represented that he conducted business as "An Able Attorney Referral, Inc.," there was no properly incorporated or duly organized entity with the name "An Able Attorney Referral, Inc."

d. The respondent charged the other lawyers involved $50 to $75 a month for referral business.

e. The respondent operated a for-profit lawyer referral service not operated, sponsored, or approved by any bar association, contrary to DR 2–103(D).

The respondent admitted that his conduct also violated DR 1–102(A)(4) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation); and DR 2–101(A) (a lawyer shall not use any form of advertising, solicitation or publicity containing a false, fraudulent, misleading, deceptive, or unfair statement or claim). On and after January 1, 1993, the effective date of the Rules of Professional Conduct, respondent violated R.P.C. 7.1 (a lawyer shall not make a false or misleading communication about the lawyer or the lawyer's services), and R.P.C. 8.4(c) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation).

The assistant disciplinary counsel indicates that the respondent terminated the referral service after the initial request for investigation in this proceeding was filed.

## II

The parties agreed in the conditional admission that discipline in the range of a private to public censure could be imposed. The assistant disciplinary counsel states that a public censure is appropriate; the respondent asserts that private discipline is adequate. In approving the conditional admission, the inquiry panel recommended a public censure. Under the American Bar Association's *Standards for Imposing Lawyer Sanctions* (1991 & Supp.1992) (ABA *Standards*), in the absence of mitigating or aggravating factors, public censure is generally warranted "when a lawyer knowingly engages in … conduct that involves dishonesty, fraud, deceit, or misrepresentation and that adversely reflects on the lawyer's fitness to practice law." *Id.* at 5.13.

In aggravation, the respondent received a letter of admonition in 1989 for handling a legal matter without adequate preparation. *Id.* at 9.22(a) (prior discipline is an aggravating factor). In addition, the respondent has substantial experience in the practice of law, *id.* at 9.22(i), having been licensed in Colorado for thirteen years, and Indiana for twenty-two years. On the other hand, the assistant disciplinary counsel represents that the respondent has cooperated in these proceedings, a factor in mitigation. *Id.* at 9.32(e).

The respondent's conduct involved dishonesty and misrepresentation, and, in conjunction with his prior discipline, forecloses a private sanction. *People v. Smith,* 769 P.2d 1078, 1080 (Colo.1989) (public rather than private censure was appropriate where attorney's misconduct involved misrepresentation as well as neglect, even taking into account several mitigating factors including the absence of a prior disciplinary record). We therefore accept the conditional admission and the recommendation of the inquiry panel.

## III

It is hereby ordered that Robert H. Carpenter be publicly censured. It is further ordered that the respondent pay the costs of this proceeding in the amount of $178.62 to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 920–S, Denver, Colorado 80202, within thirty days after the announcement of this opinion.