The PEOPLE of the State of
Colorado, Complainant,

v.

Eugene R. EAGAN, Attorney–Respondent.

No. 95SA249.

Supreme Court of Colorado,
En Banc.

Sept. 25, 1995.

Linda Donnelly, Disciplinary Counsel, James S. Sudler, Assistant Disciplinary Counsel, Denver, for Complainant.

Eugene R. Eagan, Aurora, Respondent, appearing pro se.

PER CURIAM.

In a stipulation, agreement, and conditional admission of misconduct, C.R.C.P. 241.18, the respondent in this lawyer discipline case, Eugene R. Eagan, admitted that he neglected and made misrepresentations in two separate legal matters. An inquiry panel of the supreme court grievance committee approved the conditional admission of misconduct, and recommended that the respondent receive a public censure. We accept the conditional admission and the inquiry panel's recommendation.

I

The respondent was admitted to the practice of law in Colorado in 1958. According to the terms of the conditional admission of misconduct, the respondent was retained in the spring of 1992 by the personal representative of the estate of a woman who had died intestate. The respondent filed an initial petition for intestacy and appointment of personal representative in May 1992. The respondent subsequently neglected the estate matter, however, by failing to complete the final inventory, accounting, and other tasks necessary to close the estate. Moreover, the respondent repeatedly misrepresented to the personal representative that the respondent would complete the necessary documents in a timely manner. The respondent's misconduct occurred both before and after January 1, 1993, the effective date of the Rules of Professional Conduct, and therefore violated DR 1–102(A)(4) and R.P.C. 8.4(c) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation) in addition to DR 6–101(A)(3) and R.P.C. 1.3 (a lawyer shall not neglect a legal matter entrusted to the lawyer).

In a second matter the respondent made repeated promises to a client to prepare a requested quitclaim deed, but failed to do so. This misconduct violated DR 1–102(A)(4) and R.P.C. 8.4(c) (misrepresentation); DR 6–101(A)(3) and R.P.C. 1.3 (neglect); and DR 9–102(B)(4) and R.P.C. 1.15(b) (failure to promptly deliver property the client is entitled to receive).

The assistant disciplinary counsel has stipulated that "[i]n both matters, there is no significant provable harm to anyone from respondent's misconduct."

II

The parties have agreed that a public censure is warranted, and the inquiry panel approved that recommendation. The American Bar Association's *Standards for Imposing Lawyer Sanctions* (1991 & Supp.1992) (ABA *Standards* ) provides that in the absence of aggravating or mitigating circumstances a private censure "is generally ap-

propriate when a lawyer is negligent and does not act with reasonable diligence in representing a client, and causes little or no actual or potential injury to a client." ABA *Standards* 4.44. On the other hand, a public censure "is generally appropriate when a lawyer is negligent and does not act with reasonable diligence in representing a client, and causes injury or potential injury to a client." ABA *Standards* 4.43.

The respondent's repeated misrepresentations to two clients that he would perform agreed upon legal services while failing to do so make private discipline inadequate. *People v. Smith*, 769 P.2d 1078, 1080–81 (Colo. 1989). Moreover, the respondent previously received two admonitions, in 1984 and again in 1987, for similar professional misconduct. *See* ABA *Standards* 9.22(a) (prior disciplinary offense is an aggravating factor for purposes of assessing appropriate sanction). Accordingly, we accept the stipulation, agreement, and conditional admission of misconduct as well as the inquiry panel's recommendation.

### III

It is hereby ordered that the respondent, Eugene R. Eagan, be publicly censured. It is further ordered that the respondent pay the costs of this proceeding in the amount of $127.09 to the Supreme Court Grievance Committee, 600—17th Street, Suite 920–S, Denver, Colorado 80202–5135, within thirty days after the announcement of this opinion.