The PEOPLE of the State of
Colorado, Complainant,

v.

James P. DOHERTY, Attorney–
Respondent.

No. 95SA383.

Supreme Court of Colorado,
En Banc.

Jan. 8, 1996.

Linda Donnelly, Disciplinary Counsel, John S. Gleason, Assistant Disciplinary Counsel, Denver, for Complainant.

James P. Doherty, Denver, pro se.

PER CURIAM.

In a stipulation, agreement, and conditional admission of misconduct pursuant to C.R.C.P. 241.18, the respondent in this lawyer discipline case admitted that he neglected and then misrepresented the status of a client's dissolution of marriage proceeding. The conditional admission recommended the imposition of either a private or public censure. An inquiry panel of the supreme court grievance committee approved the conditional admission, and recommended that

---

the respondent receive a public censure. We accept the conditional admission and the inquiry panel's recommendation.

## I.

The respondent was admitted to practice law in Colorado in 1980. The conditional admission states that in early 1994 the respondent took over about seventy-eight files from a lawyer who was leaving the practice of law in Colorado. One of these cases pertained to a woman who subsequently retained the respondent to represent her in her dissolution of marriage proceeding. The client paid the respondent $588 for his representation.

■ The respondent did not file a petition for dissolution of marriage, however, because he assumed, incorrectly, that the lawyer who was leaving and who represented the woman's husband in the dissolution had already filed the petition. In addition, the respondent failed to properly prepare child support worksheets or to secure financial affidavits; delayed filing a quitclaim deed for three months; failed to obtain a wage assignment; did not keep his client properly apprised of the matter, and promised that he would take steps to collect child support and then did not; and misrepresented the status of the dissolution to his client, including telling her that a dissolution decree existed when no petition had even been filed.

As he admitted, the foregoing conduct violated R.P.C. 1.1 (a lawyer shall represent a client with competence); R.P.C. 1.3 (a lawyer shall not neglect a legal matter); R.P.C. 1.4(a) (a lawyer shall not fail to reasonably inform a client of the status of a matter); R.P.C. 8.4(c) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation); and R.P.C. 8.4(d) (a lawyer shall not engage in conduct prejudicial to the administration of justice).

The assistant disciplinary counsel has indicated that "the respondent refunded all funds paid to him by [his client] and as a part of this stipulation paid [the client] an additional $630.00. The $630.00 represents the amount that [the client] lost because respondent delayed in filing her wage assignment." More-over, the complainant states that the respondent's "representation to his client regarding the status of her dissolution was negligent rather than an intentional effort to deceive her."

## II.

The parties have agreed that either a private or a public censure is warranted, and the inquiry panel approved the recommendation of a public censure. The American Bar Association's *Standards for Imposing Lawyer Sanctions* (1991 & Supp.1992) (ABA *Standards*) provides that, in the absence of aggravating or mitigating circumstances, a private censure "is generally appropriate when a lawyer is negligent and does not act with reasonable diligence in representing a client, and causes little or no actual or potential injury to a client." *Id.* at 4.44. On the other hand, a public censure "is generally appropriate when a lawyer is negligent and does not act with reasonable diligence in representing a client, and causes injury or potential injury to a client." *Id.* at 4.43.

■ The respondent's misrepresentations, even if not intentional, make private discipline inappropriate. *People v. Eagan,* 902 P.2d 841, 842 (Colo.1995); *People v. Smith,* 769 P.2d 1078, 1080–81 (Colo.1989). Moreover, the respondent previously received an admonition in 1994 for neglect of a legal matter and conduct adversely reflecting on his fitness to practice law. *See* ABA *Standards* 9.22(a) (prior disciplinary offense is an aggravating factor for purposes of assessing appropriate sanction). Accordingly, we accept the stipulation, agreement, and conditional admission of misconduct, and the inquiry panel's recommendation.

## III.

It is hereby ordered that James P. Doherty be publicly censured. It is further ordered that the respondent pay the costs of this proceeding in the amount of $49.25 within thirty days after the announcement of this opinion to the Supreme Court Grievance

Committee, 600 Seventeenth Street, Suite 920–S, Denver, Colorado 80202–5435.