The PEOPLE of the State of
Colorado, Complainant,

v.

Wendy WOODRUM, Attorney–
Respondent.

No. 95SA417.

Supreme Court of Colorado,
En Banc.

Feb. 20, 1996.

Linda Donnelly, Disciplinary Counsel, James C. Coyle, Assistant Disciplinary Counsel, Denver, for Complainant.

Wendy Woodrum, Pro Se.

PER CURIAM.

In this lawyer discipline proceeding, the respondent and the assistant disciplinary counsel entered into a stipulation, agreement, and conditional admission of misconduct pursuant to C.R.C.P. 241.18. An inquiry panel of the supreme court grievance committee approved the conditional admission, including the recommendation of a public censure. We accept the conditional admission and the inquiry panel's recommendation.

I.

The respondent was admitted to practice law in Colorado in 1992. The conditional admission states that on July 19, 1993, a client hired the respondent to represent her in a driving under the influence of alcohol charge in Adams County. The client gave the respondent a $500 check for a retainer. The respondent did not have a trust account registered with the Colorado Lawyer Trust Account Foundation (COLTAF) at that time, see R.P.C. 1.15(e)(2), and she deposited the client's check into her personal bank account.

On July 22, 1993, the respondent and her client appeared in district court for arraignment. While the client waited outside, the respondent met with a deputy district attorney. The parties have stipulated that if the client is called to testify, she will state that the respondent told her that she knew the deputy district attorney quite well, and that the deputy district attorney agreed to a plea

bargain involving a non-alcohol-related offense. If called to testify, the respondent would state that she does not remember which deputy district attorney she spoke with, and that she does not recall telling her client that she knew him. The respondent would also testify that she told her client that the district attorney intended to pursue an habitual offender charge against the client. *In fact,* no deal had been offered by the deputy district attorney, and the client was not eligible for a plea to a non-alcohol-related offense under Adams County District Attorney guidelines. The respondent agrees that the evidence would support a finding that she misrepresented to her client that a favorable plea bargain had been offered.

The respondent took no further action on behalf of the client in this matter. The client subsequently hired another lawyer, who entered his appearance in November 1993, and the respondent withdrew. The other lawyer contacted the respondent and asked for an accounting and a refund of the retainer. The respondent provided neither at the time, but she has since provided an accounting and refunded $500 to her former client.

■ The respondent has admitted that she neglected the legal matter entrusted to her, did not comply with reasonable requests for information concerning the retainer, failed to maintain a COLTAF account, commingled client funds with her own personal funds, and failed to render an accounting as requested. Her conduct thereby violated R.P.C. 1.3 (neglect of a legal matter); R.P.C. 1.4(a) (failure to keep client reasonably informed of the status of a matter); R.P.C. 1.15 (failure to maintain a COLTAF account when appropriate and to render an accounting upon request, and commingling of client and personal funds); and R.P.C. 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation).

■ The respondent also failed to keep the attorney registration office apprised of changes in her business and home addresses, contrary to C.R.C.P. 227(A)(2)(b).

## II.

■ The parties have agreed that a public censure is warranted, and the inquiry panel agreed. The American Bar Association's *Standards for Imposing Lawyer Sanctions* (1991 & Supp.1992) (ABA *Standards*) provides that in the absence of aggravating or mitigating circumstances, a private censure "is generally appropriate when a lawyer is negligent and does not act with reasonable diligence in representing a client, and causes little or no actual or potential injury to a client." *Id.* at 4.44. On the other hand, a public censure "is generally appropriate when a lawyer is negligent and does not act with reasonable diligence in representing a client, and causes injury or potential injury to a client." *Id.* at 4.43.

The respondent has no previous discipline, which is a mitigating factor. *Id.* at 9.31(a). Other factors in mitigation include the respondent's cooperation in these proceedings, *id.* at 9.32(e), and her inexperience in the practice of law, *id.* at 9.32(f). The respondent's misrepresentations make private discipline inappropriate, however. *People v. Doherty,* 908 P.2d 1120, 1121 (Colo. 1996); *People v. Eagan,* 902 P.2d 841, 842 (Colo. 1995); *People v. Smith,* 769 P.2d 1078, 1080–81 (Colo.1989). Accordingly, we accept the stipulation, agreement, and conditional admission of misconduct, and the inquiry panel's recommendation.

## III.

Wendy Woodrum is hereby publicly censured. It is further ordered that the respondent pay the costs of this proceeding in the amount of $62.80 within thirty days after the announcement of this opinion to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 920–S, Denver, Colorado 80202.