**The PEOPLE of the State of Colorado, Complainant,**

v.

**Vincent Clement TODD, Attorney–Respondent.**

**No. 97SA140.**

Supreme Court of Colorado,
En Banc.

June 2, 1997.

Linda Donnelly, Disciplinary Counsel, James S. Sudler, Assistant Disciplinary Counsel, Denver, for Complainant.

Vincent Clement Todd, Lakewood, Pro Se.

PER CURIAM.

The respondent and the assistant disciplinary counsel executed a stipulation, agreement, and conditional admission of misconduct pursuant to C.R.C.P. 241.18. In the conditional admission, the respondent consented to the imposition of either a private or public censure. In approving the conditional admission, an inquiry panel of the supreme court grievance committee recommended that the respondent be publicly censured. We accept the conditional admission and the panel's recommendation.

I

The respondent was admitted to practice law in this state in 1983. The conditional

admission provides that the respondent's client, Galen R. Eby, was divorced in 1990 and he was awarded joint custody of the children. In 1993, Eby, representing himself, filed a motion to modify the joint custody order. The children's mother responded with a motion for sole custody. The court ordered a custody evaluation and the parties agreed on an evaluator.

Eby hired the respondent on November 23, 1994, to represent him in the post-dissolution custody proceedings. He paid the respondent a $1,000 advance fee. The written fee agreement provided that the $1,000 was to be placed in the respondent's trust account and was to be billed at the rate of $175 per hour. During the entire time that the respondent represented him, however, Eby never received an accounting, a bill, or any written documentation of expenditures or time accrued.

The custody matter was set for hearing commencing on May 8, 1995. Prior to the hearing, a dispute arose concerning Eby's responsibility for paying the custody evaluator. Eby believed that he had an agreement to pay the evaluator $25 per month, but the evaluator believed the entire amount was due. The evaluator's lawyer sent the respondent letters in December 1994 and January 1995, demanding payment. Although the respondent did not provide copies of the letters to his client, he says that he discussed them with the client. In any event, Eby continued making small payments to the evaluator. The evaluator's lawyer returned the checks to the respondent on February 27 and April 24, 1995. Eby contends the respondent never told him about the returned checks, but the respondent states that he did.

On May 30, 1995, the court awarded sole custody of the children to the mother. The evaluator filed a motion for judgment against Eby in the custody case on July 31, 1995. The respondent did not advise his client of the motion; he did not respond to the motion, and the court entered a judgment against the respondent's client on August 6, 1995.

At some point, Eby paid the respondent an additional $1,200. According to Eby, the respondent told him the further amount was needed for expert witnesses. The respondent contends that he told Eby that part of the $1,200 was for time he had already spent on the case and the rest was for expert witness fees. Although he did put the money into his trust account, the respondent never provided his client with an accounting for the money. The respondent in fact retained $675 of these funds for his own legal fees, with the remainder going to experts.

On September 26, 1995, Eby was served with a writ of garnishment in connection with the evaluator's judgment against him. Eby delivered the writ to the respondent who stated that he would take care of it. Eby never heard from the respondent again, however, despite numerous telephone calls and a letter demanding a status report on October 10, 1995. The respondent indicates that although he did prepare motions to vacate the judgment and quash the writ of garnishment, he never filed them. Eby fired the respondent on October 27, 1995. Eby's new lawyer promptly reached a settlement on the evaluator's fees.

The respondent stipulated that the foregoing conduct violated Colo. RPC 1.3 (neglecting a legal matter entrusted to the lawyer); Colo. RPC 1.4(a) (failing to keep a client reasonably informed about the status of a matter); Colo. RPC 1.4(b) (failing to explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation); and Colo. RPC 1.15(b) (failing to render a full accounting regarding client funds).

## II

When it approved the conditional admission, the inquiry panel recommended that the respondent receive a public censure, and the complainant agrees with that sanction. Under the ABA *Standards for Imposing Lawyer Sanctions* (1991 & Supp.1992) (ABA *Standards* ), in the absence of aggravating or mitigating circumstances, a public censure "is generally appropriate when a lawyer is negligent and does not act with reasonable diligence in representing a client, and causes injury or potential injury to a client." ABA *Standards* 4.43. The respondent failed to

resolve the fee issue when it arose; he failed to take any action to oppose the evaluator's motion for judgment; and he failed to take any meaningful steps towards having that judgment vacated. He also failed to account to his client for funds entrusted to him. The respondent's misconduct caused his client at least potential injury in the form of the judgment.

In mitigation, the respondent has not previously been disciplined, *see id.* at 9.32(a); he did not have a dishonest or selfish motive, *see id.* at 9.32(b); he cooperated in these proceedings, *see id.* at 9.32(e); and he has expressed remorse, *see id.* at 9.32(*l*). In aggravation, the respondent has substantial experience in the practice of law. *See id.* at 9.22(i).

We conclude that the respondent's negligence in resolving the fee matter and in failing to communicate with and account to his client warrants a public censure. We, therefore, accept the conditional admission and the inquiry panel's recommendation.

### III

The respondent, Vincent Clement Todd, is hereby publicly censured. It is further ordered that the respondent pay the costs of this proceeding in the amount of $47.98 within thirty days after the announcement of this opinion to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 920–S, Denver, Colorado 80202.