The PEOPLE of the State of Colorado, Complainant,

v.

James P. DOHERTY, Attorney–Respondent.

No. 97SA290.

Supreme Court of Colorado, En Banc.

Oct. 20, 1997.

---

the conditional admission, the disciplinary counsel and the respondent stipulated to the imposition of a public censure. An inquiry panel of the supreme court grievance committee approved the conditional admission, and recommended public censure. We accept the conditional admission and the inquiry panel's recommendation.

## I.

The respondent was admitted to practice law in Colorado in 1980. The conditional admission states that the respondent was hired to file a bad faith action against an insurance company on behalf of his client. Respondent filed the complaint in district court in October 1993 against the insurer. The case was set for jury trial in August 1994.

In December 1993, the insurer's lawyer served the respondent with discovery requests due January 31, 1994. The respondent filed only some of the responses on time. Unable to contact the respondent, the insurer's lawyer filed a motion to compel discovery and for sanctions on February 24. In opposing the motions, the respondent claimed that he had mailed responses on February 24, several weeks past the due date.

The court granted the insurer's motion to compel, giving the respondent fifteen days to answer the outstanding discovery, and awarding $100 in attorney fees to the insurer. The respondent paid the attorney fees, but did not notify his client of the motion to compel or the order compelling discovery.

On May 2, 1994, the insurer filed a motion for summary judgment asserting that the complaint filed by respondent on behalf of his client contained fraudulent and material misrepresentations which rendered the insurance contract void. The respondent did not answer the motion for summary judgment and summary judgment was granted on June 15, 1994. The respondent did not provide his client with a copy of the motion for summary judgment, the order granting summary judg-

Linda Donnelly, Disciplinary Counsel, John S. Gleason, Deputy Disciplinary Counsel, Denver, for Complainant.

David L. Worstell, Denver, for Attorney–Respondent.

## PER CURIAM.

In a stipulation, agreement, and conditional admission of misconduct pursuant to C.R.C.P. 241.18, the respondent in this lawyer discipline case admitted that he neglected a legal matter entrusted to him. Under

ment, or a motion for sanctions filed by the defendant. He also did not notify his client of the hearing on the motion for sanctions in which the court ordered the respondent's client to pay $6,000 in attorney fees to the defendant, and to repay $1,150 that the defendant insurer had previously paid him on his insurance claim.

In August 1994, the respondent went to his client's house and informed the client that a judgment had been taken against him. After filing the request for investigation in this case, the client filed a malpractice action against the respondent. In the malpractice case, the district court granted the respondent's motion for summary judgment, holding as a matter of law that the client's "admission of falsifying receipts and invoices produced to [the insurer]" precluded the client from prevailing in his case against the insurer. The district judge also found that any damages sustained by the client were not proximately caused by the respondent's conduct.

The conditional admission states that the respondent would testify that "ethical constraints precluded him from filing a response to [the insurer's] motion for summary judgment. Essentially, the respondent believed that [the client] had engaged in fraudulent conduct and that because of [the client's] testimony in the proceeding no truthful response was possible."

The respondent has stipulated that the foregoing conduct violated Colo. RPC 1.1 (failing to provide competent representation to a client); Colo. RPC 1.3 (neglecting a legal matter entrusted to the lawyer); Colo. RPC 1.4(a) (failing to communicate appropriately with a client); and Colo. RPC 1.4(b) (failing explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation).

## II.

■ The parties have agreed that a public censure is warranted, and the inquiry panel approved this recommendation. The American Bar Association's *Standards for Imposing Lawyer Sanctions* (1991 & Supp.1992) (ABA *Standards*) provides that, in the absence of aggravating or mitigating circumstances, a public censure "is generally appropriate when a lawyer is negligent and does not act with reasonable diligence in representing a client, and causes injury or potential injury to a client." *Id.* at 4.43.

■ The respondent previously received an admonition in 1994 for neglect of a legal matter and conduct adversely reflecting on his fitness to practice law, and a public censure in 1996 for neglecting and then misrepresenting the status of a client's case. *See People v. Doherty*, 908 P.2d 1120, 1121 (Colo. 1996). The misconduct in this case and in the previous cases occurred in the same general time frame, constituting a pattern of misconduct, which is an aggravating factor, *see* ABA *Standards* 9.22(c).

The complainant also indicates that the fact that the respondent's client "engaged in dishonesty is virtually uncontroverted," and this was reflected in the judgment in favor of the respondent in the malpractice case filed against him by his client. Nevertheless, the respondent concedes that he should have informed the client of the respondent's ethical dilemma and allowed the client to determine an independent course of action, rather than neglecting the case and failing to adequately communicate with his client.

The question of what discipline to impose is a close one given the pattern of misconduct. At least one member of the court would impose a limited suspension. Nonetheless, we have concluded that a public censure is adequate under the unusual circumstances of this case. Accordingly, we accept the conditional admission and the inquiry panel's recommendation.

## III.

James P. Doherty is hereby publicly censured. It is further ordered that the respondent pay the costs of this proceeding in the

amount of $215.45 to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 920–S, Denver, Colorado 80202, within thirty days after the announcement of this opinion.