**The PEOPLE of the State of Colorado, Complainant,**

v.

**Russell Edward YATES, Respondent.**

**No. 97SA467.**

Supreme Court of Colorado,
En Banc.

Feb. 2, 1998.

Linda Donnelly, Disciplinary Counsel, Kenneth B. Pennywell, Assistant Disciplinary Counsel, Denver, for Complainant.

John M. Richilano, Denver, for Respondent.

PER CURIAM.

This lawyer discipline case comes to us on a stipulation, agreement and conditional admission of misconduct. *See* C.R.C.P. 241.18. The conditional admission recommended that the respondent be publicly censured for failing to obtain his law firm's approval for a fee credit arrangement. An inquiry panel of the supreme court grievance committee approved the conditional admission. We accept the conditional admission and publicly censure the respondent.

I

The respondent was admitted to the Colorado bar in 1971. The conditional admission provides that the respondent joined the law firm of Patton Boggs, L.L.P., as "of counsel" in August 1990. He became a partner on May 1, 1992. He withdrew from the firm on September 9, 1994.

When he joined Patton Boggs, he brought a client with him, Bob Sellers Auto, of Durango, Colorado. New legal work for Bob Sellers Auto began on May 10, 1991, and continued when the respondent left the firm. The respondent purchased a new Ford Bronco from Bob Sellers Auto on August 17, 1993. At that time, the automobile dealership owed Patton Boggs over $7,000 in outstanding attorney fees. The respondent and Bob Sellers, the owner of the dealership, discussed a "fee credit arrangement" whereby the amount owed to the law firm for the respondent's hours would be forgiven in exchange for a credit of the same amount as a down payment on the Bronco. The respondent, however, never got permission from the law firm for this arrangement. His failure to follow up on the arrangement took place even though the respondent received monthly billing reports that showed the past due balance owed by Bob Sellers Auto to the law firm. Moreover, the respondent himself signed two collection letters to the dealership in January and March 1994. The owner's wife and bookkeeper, Nancy Sellers, assumed that the fee credit arrangement had been implemented when she received no word from the

respondent to the contrary. She also left several telephone messages with the respondent's secretary about the arrangement and did not hear anything from the respondent.

In the conditional admission, the respondent acknowledges that he led Nancy Sellers to believe that the fee credit arrangement would be acceptable to the law firm. Upon further thought, however, the respondent realized that the law firm's compensation policy would not permit it. The respondent nevertheless failed to notify the dealership that the fee credit arrangement would not work and he did not make alternative arrangements to pay the down payment. The conditional admission indicates that the respondent never attempted to have the down payment credited against the legal bill, and he in fact resisted the firm's efforts to write off the overdue bill.

Following the respondent's departure from Patton Boggs, the law firm's collections coordinator sent two dunning letters to the dealership. Nancy Sellers spoke with the collections coordinator on April 11, 1995, and informed her of her understanding of the fee credit arrangement. Thereafter, Sellers explained that although they paid the invoice for the associates' time, the respondent's time was credited as a down payment for the Bronco. The collections coordinator contacted the respondent who then paid the dealership $7,246.66 by check dated May 25, 1995. The dealership subsequently paid the law firm's bill. This occurred prior to the law firm's filing of the request for investigation against the respondent.

The respondent has stipulated that by leading his clients to believe that he could write off his legal fees in exchange for the down payment he violated Colo. RPC 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit or misrepresentation); and Colo. RPC 8.4(h)(engaging in conduct that adversely reflects on the lawyer's fitness to practice law). In addition, by failing to follow through on the fee credit arrangement and not informing his clients that the agreement could not be implemented, he neglected a legal matter, in violation of Colo. RPC 1.3.

## II

The inquiry panel approved the conditional admission and its recommendation of a public censure. The complainant insists that "[t]his case is essentially one of neglect," rather than fraud, dishonesty, or deceit. Thus, although the respondent did misrepresent to his client that he could implement the fee credit arrangement, his failure to do so or explain that it was impossible was primarily negligent.

Under the ABA *Standards for Imposing Lawyer Sanctions* (1991 & Supp.1992) (ABA *Standards* ), in the absence of aggravating or mitigating circumstances, a public censure "is generally appropriate when a lawyer is negligent and does not act with reasonable diligence in representing a client, and causes injury or potential injury to a client." ABA *Standards* 4.43. In aggravation, the respondent had a selfish motive, *see id.* at 9.22(b),. and he has substantial experience in the practice of law, *see id.* at 9.22(i).

We note that the respondent has not been previously disciplined in almost twenty-seven years of practice. *See id.* at 9.32(a). Additional mitigating factors include the respondent's full and free disclosure to the grievance committee and a cooperative attitude toward the proceedings, *see id.* at 9.32(e); the presence of remorse, *see id.* at 9.32(*l* ); and evidence of an otherwise good character and reputation, *see id.* at 9.32(g).

We have found a public censure to be appropriate in previous cases of comparable seriousness. *See, e.g., People v. Todd,* 938 P.2d 1160, 1161–62 (Colo.1997) (failing to resolve custody evaluator's fee issue when it arose, to oppose the evaluator's motion for judgment, or to take meaningful steps toward having judgment vacated, thereby causing at least potential injury in form of judgment, warranted public censure); *People v. Woodrum,* 911 P.2d 640, 641 (Colo.1996) (neglecting legal matter, failing to handle client funds properly, and making misrepresentation to client about plea bargain warranted public censure); *People v. Doherty,* 908 P.2d 1120, 1121 (Colo.1996) (neglecting and then misrepresenting status of client's dissolution of marriage proceeding warranted public censure); *People v. Eagan,* 902 P.2d 841, 841

(Colo.1995) (finding public censure appropriate for attorney who neglected, and made misrepresentations in, two separate legal matters).

Accordingly, we accept the conditional admission and the inquiry panel's recommendation. However, at least one member of the court would have rejected the conditional admission and sent the case back to the grievance committee for further proceedings.

### III

Russell Edward Yates is hereby publicly censured. It is ordered that the respondent pay the costs of this proceeding in the amount of $47.75 to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 920–S, Denver, Colorado 80202–5135, within thirty days after the announcement of this opinion.

BENDER, J., does not participate.