The PEOPLE of the State of Colorado, Complainant,

v.

Richard William JOHNSTON, Attorney–Respondent.

No. 98SA105.

Supreme Court of Colorado, En Banc.

April 20, 1998.

Linda Donnelly, Disciplinary Counsel, James S. Sudler, Assistant Disciplinary Counsel, Denver, for Complainant.

Gary M. Jackson, Denver, for Attorney–Respondent.

PER CURIAM.

This lawyer discipline case comes to the court on a stipulation, agreement, and conditional admission of misconduct between the respondent and the complainant, *see* C.R.C.P. 241.18, that has been approved by an inquiry panel of the supreme court griev-

ance committee. The inquiry panel recommended that the respondent be publicly censured. We accept the conditional admission and the recommendation.

## I.

The respondent was admitted to practice law in this state in 1990. The conditional admission provides as follows.

The respondent's law firm was the general counsel for a homeowners' association (association) in Jefferson County. On or about October 31, 1993, a homeowner constructed a shed on his property without the prior approval of the association's architectural control committee. When the association was unable to reach an agreement with the homeowner, the respondent's law firm filed an action in Jefferson County District Court on October 12, 1994, seeking an injunction against the homeowner.

At the same time it allowed a continuance of the trial on the merits, the district court ordered the parties to participate in five mediation sessions. There was no resolution following the first such session in July 1995. On December 14, 1995, the district court issued a dismissal notice which advised that the case would be dismissed unless a response was filed on or before January 16, 1996, showing cause why the case should not be dismissed. The respondent filed a response to the district court's notice on January 2, 1996, but the court nonetheless dismissed the case without prejudice on January 12, 1996. The respondent filed a motion for reconsideration on January 25, 1996, which was denied on February 12.

On February 7, 1996, after the case was dismissed, but before the motion for reconsideration was denied, the respondent sent a memorandum to the association regarding the status of the lawsuit:

> The District Court of Jefferson County has expressed its concern that this case has not been brought to trial in a timely fashion. Because of this concern, the court has indicated its intention to dismiss the case without prejudice....
>
> I filed a motion with the court outlining the history of this case ... [and] reminded

the court that dismissal of this matter, even though it is without prejudice, will effectively prohibit refiling the case as the statute of limitations would bar further action.... [A]t this time, we are not aware of the court's position with respect to our motion. We are optimistic that the court will allow the case to proceed to trial after reviewing the circumstances of the case. We will advise the board of the court's decision as soon as it is communicated to us.

Although written almost a month after the case was dismissed, the memorandum did not inform the client that the action had already been dismissed on January 12. The memorandum also contained language that misled the client into believing that the case was still pending. The respondent has admitted that the foregoing conduct violated Colo. RPC 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation). When the association learned later that the case had been dismissed, the association discharged the respondent's law firm, and hired new counsel to appeal the dismissal. The appeal was unsuccessful.

## II.

The inquiry panel approved the conditional admission, including its recommendation of a public censure. The respondent admits to misrepresenting the status of the case to his client. Given that the conditional admission recites that an appeal from the dismissal was taken, albeit unsuccessfully, any actual harm may only lie in the cost of hiring the new lawyer to pursue the appeal. The respondent's analysis of discipline, which the complainant does not dispute, represents that the respondent's law firm refunded the fees it had collected from the association and that the respondent has reimbursed the firm.

Under the ABA *Standards for Imposing Lawyer Sanctions* (1991 & Supp.1992) (ABA *Standards* ), in the absence of aggravating or mitigating factors, "[s]uspension is generally appropriate when a lawyer knowingly deceives a client, and causes injury or potential injury to the client." ABA *Standards* 4.62. But, a public censure is adequate "when a lawyer negligently fails to provide a client

with accurate or complete information, and causes injury or potential injury to the client." *Id.* at 4.63.

In aggravation, the respondent received a letter of admonition in 1994 for improperly communicating with a represented person. *See id.* at 9.22(a) (previous discipline is an aggravating factor for purposes for determining the proper level of discipline). The complainant has stipulated that the following mitigating factors are present: the absence of a dishonest or selfish motive, *see id.* at 9.32(b); full and free disclosure in the disciplinary proceedings, *see id.* at 9.32(e); and the presence of remorse, *see id.* at 9.32(*l* ).

In *People v. Woodrum,* 911 P.2d 640, 641 (Colo.1996), we publicly censured a lawyer for neglecting a legal matter, commingling client and personal funds, and misrepresenting to a client that a favorable plea bargain had been reached. We concluded that a public censure was appropriate because Woodrum had not been disciplined before, cooperated in the proceedings, and was inexperienced in the practice of law. *See id.* While the respondent has received a letter of admonition for unrelated misconduct, his misconduct is not as extensive as Woodrum's. We therefore conclude that a public censure is an appropriate sanction.

### III.

Accordingly, the respondent, Richard William Johnston, is hereby publicly censured. It is further ordered that Johnston pay the costs of this proceeding in the amount of $48.00 to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 920–S, Denver, Colorado 80202, within thirty days after this opinion is announced.