The PEOPLE of the State of
Colorado, Complainant,

v.

Douglas POOLEY,
Attorney–Respondent.

No. 89SA102.

Supreme Court of Colorado,
En Banc.

May 15, 1989.

Rehearing Denied May 30, 1989.

Susan L. Fralick, Asst. Disciplinary Counsel, Denver, for complainant.

Robert T. McAllister, Denver, for attorney-respondent.

VOLLACK, Justice.

In this disciplinary proceeding, a hearing panel of the Supreme Court Grievance Committee (panel) has recommended that the respondent-attorney, Douglas Pooley, be publicly censured. The panel also recommended that the costs of these proceedings be assessed against him. We order the recommended imposition of costs. We reject the panel's recommendation of a public censure and order that the respondent be suspended from the practice of law for ninety days.

I.

The attorney-respondent, Douglas Pooley (Pooley or the respondent), was admitted to the bar of the Supreme Court of the State of Colorado in 1978 and is registered upon the official records of this Court, registration number 9141. He is therefore subject to the jurisdiction of this Court and its Grievance Committee in these disciplinary proceedings. This disciplinary action arises from the respondent's dealings with his clients Josephine and Steve Malinowski.

The following facts were established by stipulation and at the hearing before the Grievance Committee Hearing Board. In February 1983 Josephine Malinowski gave birth to a baby at University of Colorado Health Sciences Center (UCHSC or University Hospital). Mrs. Malinowski's roommate in the hospital had shingles, an illness related to chicken pox. One week later Mrs. Malinowski contracted chicken pox and sustained permanent scars. Because she had contracted chicken pox Mrs. Malinowski was advised not to care for her new baby for two weeks, so her sister came to Colorado from New York to live with the family and care for the baby. The Malinowskis' other two children also contracted chicken pox. The hospital gave the baby a shot because it had been exposed to chicken pox; the shot may have made the infant sterile but no information was available to the panel in this regard.

Three months later Mrs. Malinowski retained Douglas Pooley to pursue a medical malpractice claim. She and Mr. Malinowski entered into a contingent fee agreement with Pooley. On December 12, 1983, the respondent sent a letter to the Administrator of University Hospital outlining the facts and requesting a response. On January 24, 1984, senior claim representative James Veretta notified the respondent that he was investigating the claim on behalf of St. Paul Property and Liability Insurance Company, the liability carrier for UCHSC. On April 16, 1984, the respondent wrote to Veretta, provided additional documents he had requested, and asked for copies of the

records, which he later received. On July 10, 1984, Veretta advised the respondent by letter that he had obtained an opinion from an infectious disease expert and that on the basis of that opinion, the insurance carrier was denying liability on the part of UCHSC.

No other correspondence was had. The respondent did not forward copies of these letters to his clients, and he did not conduct any further investigation.

After receiving Veretta's letter denying liability the respondent spoke with his clients and told them he "would do some further checking." He concedes that he had no further significant contact with his clients from 1984 through April 1986. In April 1986 the Malinowskis were preparing to move to New York so they made numerous attempts to contact the respondent; he failed to return their calls. In May 1986 Mrs. Malinowski filed a request for investigation with the Grievance Committee.

Pooley's response to the request for investigation was that "after conducting the investigation, my enthusiasm for pursuing this case diminished greatly." His clients testified that Pooley never communicated to them that he intended not to pursue the claim. The six-month governmental immunity notice statute expired in this case on or about September 4, 1983, and there was a notation of this deadline on Pooley's initial client information sheet. The statute of limitations on Mrs. Malinowski's claim expired in March 1985. The statute of limitations on any claim on the baby's behalf has not run.

Pooley has admitted by stipulation that his conduct violated Rule 241.6 of the Colorado Rules of Civil Procedure and violated DR1–102(A)(1) (violation of a disciplinary rule), DR6–101(A)(1) (handling of a legal matter that a lawyer is not competent to handle), DR6–101(A)(3) (neglect of a legal matter entrusted to him), and DR7–101(A) (failure to zealously represent a client) of the Code of Professional Responsibility.

The Hearing Board observed that Pooley "utterly lacked the legal skills or knowledge to prosecute the Malinowskis' medical malpractice claim" yet he failed to withdraw or associate himself with a competent medical malpractice attorney or even obtain a full set of the hospital records. This failure was compounded by Pooley's failure to advise his clients accordingly. His failure to either communicate to them his decision, or withdraw from the case, left the Malinowskis with the impression that he was working on their behalf. The result was that the Malinowskis were prevented from pursuing their legal rights, to their serious detriment.

## II.

The ABA Standards for Imposing Lawyer Sanctions (ABA Standards) provide that a reprimand such as a public censure is generally the appropriate sanction "when a lawyer is negligent and does not act with reasonable diligence in representing a client, and causes injury or potential injury to a client." ABA Standard 4.43(a). The commentary to Standard 4.42 notes:

> Suspension should be imposed *when a lawyer knows that he is not performing the services requested by the client, but does nothing to remedy the situation,* or when a lawyer engages in a pattern of neglect, with the result that the lawyer causes injury or potential injury to a client. Most cases involve lawyers who do not communicate with their clients.

(Emphasis added).

The Hearing Board concluded that injury or potential injury resulted for two reasons. First, Mrs. Malinowski's claims are time barred. Second, difficulties of proof may arise as a result of delay. Assistant Disciplinary Counsel proposed a 30 or 60–day suspension, while Pooley's attorney proposed a private censure. The hearing board found an absence of aggravating factors and the presence of several mitigating factors.[1] Accordingly, the board recommended to the panel that Pooley be pub-

---

1. The Board found in mitigation that (1) Pooley has no prior disciplinary record; (2) Pooley did not have a dishonest or selfish motive; and (3) Pooley was inexperienced in the legal area in which the problem arose. *See* ABA Standard 9.32(a, b, f).

licly censured, and that he be assessed the costs of these proceedings. The panel approved the findings and recommendations of the hearing board.

We decline to follow the panel's recommendation of imposition of a public censure. We acknowledge the presence of mitigating factors but also recognize Pooley's repeated attempts, noted by the hearing board, "to present his conduct as that which was wrong chiefly with the benefit of hindsight." Pooley knowingly failed to perform services for his clients, resulting in injury. Pooley did not perform the services requested by his client yet did nothing to remedy the situation. Mrs. Malinowski's claims are now barred as a result of Pooley's inaction, so injury has resulted. *See People v. James,* 731 P.2d 698 (Colo. 1987) (attorney's failure "to take any action to protect the legal interests of [his client] in connection with his personal injury claim

resulted in serious damage to his client and constituted an egregious violation of the basic responsibilities which a lawyer owes to a client." *Id.* at 700). We conclude, therefore, that suspension is an appropriate sanction and order that the respondent be suspended from the practice of law for ninety days. The suspension begins on June 15, 1989.[2] We also order that the respondent pay the costs of these proceedings in the amount of $495.50 to the Supreme Court Grievance Committee, 600–17th Street, Suite 500S, Denver, Colorado 80202, within thirty days.

---

**2.** C.R.C.P. 241.21(a) provides that a suspension order "shall become effective thirty days after the date of entry of the order, or at such other time as the Supreme Court may order." 7A C.R.S. (1988 Supp.).