The PEOPLE of the State of Colorado, Complainant,

v.

Gregory A. MACEAU, Respondent.

No. 95SA414.

Supreme Court of Colorado, En Banc.

Feb. 12, 1996.

Linda Donnelly, Disciplinary Counsel, Kenneth B. Pennywell, Assistant Disciplinary Counsel, Denver, for Complainant.

Kenneth L. Covell, Colorado Springs, for Attorney–Respondent.

PER CURIAM.

The respondent in this lawyer discipline proceeding executed a stipulation, agreement, and conditional admission of misconduct. The conditional admission recommended the imposition of either a private or public censure. An inquiry panel of the supreme court grievance committee approved the conditional admission, and recommended that the respondent receive a public censure. We accept the conditional admission and the inquiry panel's recommendation.

I

The respondent was admitted to practice law in Colorado in 1986. The conditional admission relates that in September 1990 the respondent was retained by a client who had injured his back doing construction work. With respect to the client's workers' compensation claim, the parties signed a contingent fee agreement dated September 17, 1990, which provided for a fee of twenty-percent of "all amounts recovered," plus costs related to the "accident in question."

Initially, the respondent admits that this agreement did not comply with Rule 5 of the Rules Governing Contingent Fees because it did not contain the mailing address of the client, and did not effectively state the nature of the claim with reference to which the legal services were to be performed. Further, the agreement did not state that the respondent intended to retain his twenty-percent contingent fee out of the first lump-sum payment received.

A week before the hearing, a settlement was reached, which initially provided that the client would receive $135,981.00, constituting the aggregate amount of workers' compensation benefits, being the present value of periodic payments. On June 8, 1992, the respondent received a $26,292 lump-sum check from the insurer on behalf of his client. Although the client believed that the respondent would take twenty-percent of that amount and remit the balance to him, the respondent kept the entire amount of the check as his legal fee and reimbursement of costs.

The client took the respondent's settlement sheet home with him without signing it and never returned it. The respondent's motion to withdraw from representing the client was granted on January 25, 1993. Prior to his withdrawal, the insurer informed the respondent that it intended to make a claim of overpayment because the client had begun receiving social security disability benefits in February 1991. The respondent had represented the client in the social security disability matter as well, and he was awarded $2,700 in legal fees. At the same time as the client endorsed the $26,292 check over to the respondent, the respondent endorsed the $2,700 check over to the client. In addition, the respondent had advanced $1,734 in loans to the client while the workers' compensation matter was pending.

The respondent was aware that the workers' compensation benefits could be reduced by the social security disability award and the client's union award, so he knew or should have known that he might not be entitled to the entire $26,292 check, even under his own interpretation of the contingent fee agreement. In fact, the insurer stopped making payments to the client in June 1992. The client's new lawyer filed an

objection to the offset, but the parties indicate that the matter had not been resolved when the conditional admission was executed.

The conditional admission indicates that the respondent has made full restitution to his client by way of a settlement reached in the civil action brought by the client against him. Moreover, the assistant disciplinary counsel now states that the respondent's misconduct in appropriating the full amount of the first lump-sum check was not caused by dishonesty but was due to the respondent's failure to adequately explain to the client how and when he expected to be paid.

The parties have therefore stipulated that the foregoing conduct violated DR 1–102(A)(5) (a lawyer shall not engage in conduct prejudicial to the administration of justice), and DR 2–106(A) (a lawyer shall not enter into an agreement for, charge, or collect an illegal or clearly excessive fee). In addition, the respondent's advancing loans to his client while the client's claims were pending violated DR 5–103(B) (while representing a client in connection with contemplated or pending litigation, a lawyer shall not, subject to certain exceptions not applicable here, advance or guarantee financial assistance to the client).

## II

The parties have agreed that either a private or a public censure is warranted, and the inquiry panel approved the conditional admission with a recommendation of public censure. The ABA *Standards for Imposing Lawyer Sanctions* (1991 & Supp.1992) (ABA *Standards* ) provides that in the absence of aggravating or mitigating circumstances, a public censure "is generally appropriate when a lawyer negligently fails to provide a client with accurate or complete information, and causes injury or potential injury to the client." *Id.* at 4.63. On the other hand, a private censure "is generally appropriate when a lawyer engages in an isolated instance of negligence in failing to provide a client with accurate or complete information, and causes little or no actual or potential injury to the client." *Id.* at 4.64.

The misconduct that the respondent has admitted to constitutes more than a single isolated instance of negligence. *See People v. Smith,* 769 P.2d 1078, 1080–81 (Colo.1989). Moreover, the respondent previously received a letter of admonition in 1992 for negligently failing to communicate with a client. *See* ABA *Standards* 9.22(a) (prior disciplinary offense is an aggravating factor for purposes of assessing appropriate sanction). Accordingly, we accept the stipulation, agreement, and conditional admission of misconduct, and the inquiry panel's recommendation of a public censure.

## III

Gregory A. Maceau is hereby publicly censured. It is further ordered that the respondent pay the costs of this proceeding in the amount of $97.98 within thirty days after the announcement of this opinion to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 920–S, Denver, Colorado 80202.