**The PEOPLE of the State of Colorado, Complainant,**

v.

**Douglas POOLEY, Attorney–Respondent.**

**No. 96SA107.**

Supreme Court of Colorado, En Banc.

April 22, 1996.

Linda Donnelly, Disciplinary Counsel, John S. Gleason, Assistant Disciplinary Counsel, Denver, for Complainant.

Douglas Pooley, Denver, pro se.

PER CURIAM.

This lawyer discipline case comes to us on a stipulation, agreement and conditional admission of misconduct between the respondent and the assistant disciplinary counsel. C.R.C.P. 241.18. The conditional admission recommended that the respondent receive a private censure or a public censure. An inquiry panel of the supreme court grievance committee approved the conditional admission and recommended that the respondent be publicly censured. We accept the conditional admission and the inquiry panel's recommendation.

I

The respondent was admitted to the Colorado bar in 1978. The parties have stipulated to the facts and disciplinary violations that follow.

The respondent was retained by Roman Jevicky on February 14, 1994, to represent him on a traffic matter. Jevicky paid the respondent a $500 retainer to be billed at the rate of $125 per hour according to the written fee agreement. The agreement referred to the $500 as both a retainer and a "minimum attorney fee." The respondent now agrees that the $500 should have been deposited in his trust account rather than his operating account, where it was deposited.

Around March 1, 1994, Jevicky fired the respondent, alleging that the respondent had failed to communicate with him regarding the case. The respondent issued Jevicky a $400 check as a refund of the unused retainer. However, when Jevicky presented the respondent's check to the bank for payment it was returned for insufficient funds. The bookkeeping supervisor at the respondent's bank stated that the respondent would ordinarily receive immediate notice by mail of an overdraft or an insufficient funds check. The respondent's March 1994 bank statement concerning his operating account reflects that the check given to Jevicky was present-

ed for payment twice, but was not paid. The respondent admits receiving the March statement, but says that he did not read it.

Jevicky left a message on the respondent's answering machine about the returned check, but received no reply. He therefore filed a request for investigation with the Office of Disciplinary Counsel on April 6, 1994. On May 9, 1994, the respondent mailed Jevicky a cashier's check in the amount of $400 to replace the original check.

The respondent's bank statements reveal that in 1993 the respondent wrote seventeen insufficient funds checks to third-party payees. Three of these were to physicians who rendered expert opinions in a personal injury case. The Denver District Court and the United States District Court were two of the seventeen payees. The respondent wrote six insufficient funds checks to third-party payees in 1994, including Jevicky. All insufficient funds checks were eventually paid by the respondent.

The respondent has admitted that the foregoing conduct violated R.P.C. 1.4 (failure to reasonably communicate with a client), R.P.C. 1.15(a) (failure to keep client funds separate from the lawyer's own funds), and R.P.C. 8.4(c) (engage in conduct involving dishonesty, fraud, deceit, or misrepresentation).

## II

The conditional admission recommends the imposition of either a private or a public censure. The inquiry panel approved the conditional admission and recommended that the respondent be publicly censured. We agree with the inquiry panel that public discipline is more appropriate in this case.

Under the ABA *Standards for Imposing Lawyer Sanctions* (1991 & Supp.1992) (ABA *Standards* ), in the absence of mitigating or aggravating factors, public censure is generally warranted "when a lawyer knowingly engages in ... conduct that involves dishonesty, fraud, deceit, or misrepresentation and that adversely reflects on the lawyer's fitness to practice law." *Id.* at 5.13.

The assistant disciplinary counsel indicates that "[a]ll of the [insufficient funds] checks

were ultimately paid with no evidence of harm to the payee." In addition, the respondent has apparently instituted bookkeeping procedures that should preclude further problems of this nature.

Nevertheless, certain factors make private discipline inappropriate. First, the respondent has a prior history of discipline, which is an aggravating factor. *Id.* at 9.22(a). The respondent was suspended for ninety days in 1989 for knowingly failing to provide legal services resulting in serious harm to his clients. *People v. Pooley,* 774 P.2d 239, 240–41 (Colo.1989). Further, the misrepresentations attendant with any issuance of checks for which there are no funds for payment on presentment and the sheer number of such checks issued by respondent forecloses private discipline. *See People v. Maceau,* 910 P.2d 692, 694 (1996) (private discipline inadequate when misconduct involves more than single isolated instance of negligence); *People v. Doherty,* 908 P.2d 1120, 1121 (Colo. 1996) (lawyer's misrepresentations, even if not intentional, made private discipline inappropriate).

In mitigation, the respondent has cooperated fully with the Office of Disciplinary Counsel in these proceedings, ABA *Standards* 9.32(e); had no dishonest or selfish motive, *id.* at 9.32(b); and has expressed remorse for his misconduct, *id.* at 9.32(*l* ). Given the factors in mitigation, we conclude that a public censure is appropriate, and we therefore accept the conditional admission and the inquiry panel's recommendation.

## III

Douglas Pooley is hereby publicly censured. The respondent is ordered to pay the costs of this proceeding in the amount of $96.27 to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 920–S, Denver, Colorado 80202, within thirty days after the announcement of this opinion.